This is an action brought under § 28-4-285, Code of Alabama (1975) to condemn as contraband a truck used to transport alcoholic beverages for resale in a dry county. A motion to suppress the evidence because of an illegal search and seizure was heard and denied. Judgment of forfeiture and condemnation was entered. Defendant claimant appeals. The issue is whether the court erred in denying the motion to suppress. We find it did err and reverse.
The testimony disclosed that after dark on the evening of November 11, 1978, the sheriff of Lawrence County a dry county, while patrolling in an automobile with some deputies on Highway 20, came upon a truck travelling that highway. He noted that it was a covered van. It appeared to have been recently painted a deep blue color and carried a Florida license plate. It was clean and had no road film even though it had rained earlier. Being familiar with the method of operation of bootleggers and whiskey haulers in the area, the sheriff was *Page 356 
suspicious of the truck and decided to stop it and check the license of the driver. After stopping the truck, the sheriff proceeded to the driver's side and requested a license inspection. In the meantime, a deputy had approached the truck and shined his flashlight upon the van door. He observed an opening "about the width of a penny." Upon shining his light through the opening he could see Budweiser beer. The driver was then arrested. The truck was carried to the courthouse, opened without aid of a search warrant, and found to contain 608 cases of beer and twenty-five cases of liquor.
We consider this appeal only on brief of appellant. The state has not favored us with a brief.
We begin our decision by observing that although a motion to suppress, or the exclusionary rule, is available only in criminal proceedings, it has been held that a forfeiture proceeding such as this is criminal in nature though civil in form and subject to the protections of the fourth amendment to the United States Constitution. Boyd v. United States,116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886). One 1958 Plymouth Sedanv. Commonwealth of Pa., 380 U.S. 693, 85 S.Ct. 1246,14 L.Ed.2d 170 (1965). In the latter case, it was pointed out that forfeiture of property is a penalty for the criminal offense as much as a fine. The court said, "It would be anomalous indeed . . . to hold that in the criminal proceeding, the illegally seized evidence is excludable, while in the forfeiture proceeding, requiring the determination that the criminal law has been violated the same evidence would be admissible." It is to be noted that our Alabama Supreme Court has held that §28-4-285 is highly penal and is to be strictly construed.Franklin v. State, ex rel. Trammell, 275 Ala. 92, 152 So.2d 158
(1963).
 Stopping and Searching
It was held in Coolidge v. New Hampshire, 403 U.S. 443,91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) that the most basic constitutional rule in this area is that searches conducted without a warrant are per se unreasonable under the fourth amendment, subject only to a few specifically established and well-delineated exceptions.[1] We do not have before us the position of the State as to which of the exceptions to the rule the warrantless search and seizure of the truck in this case might come under. However, from the testimony produced below, it would have to be founded upon a contention that the stopping of the vehicle was permissible for probable cause. Carroll v.United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) established the rule that an automobile could be stopped and searched by a competent official, authorized to search, without a search warrant, if he had probable cause for believing that it carried contraband or illegal merchandise.
The sheriff in this case testified that because of the clean, fresh-painted appearance of the truck and the Florida license, he formed a suspicion that it might be being used to transport illegal liquor. He said he then stopped it just to check the driver's license. This testimony presents two aspects of the stopping — that of suspicion of transporting merely because of the paint, cleanliness and a Florida tag and to check the license. It must be inferred that the latter reason was merely an excuse to stop and find further support for his suspicion. It cannot reasonably be inferred that the sheriff was in fact concerned about whether the driver of the truck was properly licensed. Assuming however, for argument, that the sheriff had a legal right to stop the truck for the purpose of checking his driver's license,[2] there still remains the question *Page 357 
of whether there existed probable cause for a warrantless search for prohibited liquor. Even if there existed an "articulable and reasonable suspicion" sufficient to stop and detain, there could be no warrantless search without probable cause. Kinard v. State, 335 So.2d 924 (Ala. 1976). There can be no reasonable argument that the matters articulated as arousing the sheriff's suspicion — i.e., the fresh paint, the clean vehicle and Florida tag, can be elevated to the dignity of probable cause for believing that the truck was carrying prohibited liquor. The sheriff was honest when he said or implied that his "suspicion" was largely due to a feeling or hunch. Such feelings, instinct, or hunch of a law enforcement officer are not to be denigrated. This court recognizes the value of these impulses in police work. They are often proved correct. On the other hand they often prove totally wrong. They are not sufficient to establish probable cause. Carroll v.U.S., Supra.
 The Plain View Exception
From the testimony of the sheriff and the ruling of the court on the motion to suppress, it is assumed by claimant that the plain view exception to the rule requiring a warrant for a search is applicable in this case.[3] We are unable to see a basis for application of the "plain view" exception in this case. First, the disclosure of contraband in a closed and locked van by shining a flashlight through an aperture the width of a penny cannot be classified as "plain view." Such disclosure was in fact the result of a search. Second, we have already said that there was no legal justification for stopping the vehicle nor for the intrusion into a closed and locked van by shining a flashlight through a small crack in the door. The court said in Coolidge, "[w]hat the `plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification . . ., and permits the warrantless seizure." The court said in Kinard that "it is well-settled law that a search cannot be made legal by what is turned up by the search." SeeWong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407,9 L.Ed.2d 441 (1963).
Therefore, to summarize, the "plain view" exception does not apply because there was not present the prior justification of probable cause for the stopping and detaining of the vehicle.Kinard v. State, Supra. For the same reason, the stopping and searching of the vehicle was illegal and violative of the fourth amendment. Carroll v. United States, Supra.
The court erred in denying the motion to suppress. The judgment of condemnation is reversed and the cause is remanded for further proceeding not contrary to this decision.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
[1] These are enumerated as six by Justice Bloodworth in the case of Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973), and as seven in his article entitled "Where Search and Seizure is Today" in 40 Ala. Law. 444 (October 1978).
[2] The recent cases of U.S. v. Brignoni-Ponce, 422 U.S. 873,95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); Almeida-Sanchez v. U.S.,413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973): and Delaware v.Prouse, ___ U.S. ___, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) have established that a roving patrol or casual stop and detention of a driver of an automobile in order to check his driver's license or registration of the automobile violates the fourth amendment unless there is at least articulable and reasonable suspicion that the driver is unlicensed, the automobile unregistered or that the vehicle or an occupant is otherwise subject to seizure for violation of the law.
[3] The "plain view" exception is "articulated" in Coolidge and quoted therefrom in Kinard.