STATE of Iowa, Appellant,

v.

ONE CERTAIN CONVEYANCE: Year: 1976, Make: 280Z Datsun, Color: Blue, No.: 81–FXK096, VIN #: HLS 3C–312327, Appellee.

No. 63218.

Supreme Court of Iowa.

Feb. 20, 1980.

Lon R. Tullar, Sac County Atty., for appellant.

Thomas H. Treinen, Battle Creek, for appellee.

LARSON, Justice.

The State appeals from an adverse ruling on its petition for forfeiture of a conveyance allegedly used to transport a controlled substance. The trial court ruled that the circumstances of this case did not meet the statutory requirements for forfeiture. We agree and affirm.

On October 7, 1978, James Smeeten was stopped for erratic driving. He was taken into custody and charged with OMVUI. The motor vehicle was towed to the police station and impounded. Pursuant to standard procedure, an inventory search of the vehicle was conducted. The search revealed one empty baggie, one baggie containing marijuana, a tray containing marijuana seeds, a pipe with marijuana residue in its bowl and a package of cigarette papers. A petition for forfeiture of the vehicle was filed the following day.

Forfeiture of a vehicle used to transport controlled substances is governed by section 204.505(8), The Code, which provides:

Chapter 127 shall be applicable to [forfeiture of] conveyances used to transport or hold any controlled substance . . .

Chapter 127 now imposes limitations upon forfeiture of liquor conveyances. Section 127.12, The Code (effective January 1, 1978), provides:

An order of forfeiture may only be entered upon a finding by the court that all of the following are true:

1. The quantity of liquor transported is large enough to give rise to a presumption that the liquor was being transported for the purpose of sale.

2. The transportation of the liquor was not incidental to the transportation of persons or other property.

3. One of the owners or lien holders knew or consented to the transportation of the liquor.

See also § 127.9.

There was no evidence that the quantity of marijuana in this case was suf-

ficient to give rise to a presumption that it was being transported for sale or to indicate that its transportation was not incidental to that of persons or other property. The trial court ruled that the limiting provisions of chapter 127 were applicable to a forfeiture proceeding under section 204.-505(8) and denied forfeiture of the vehicle.

The trial court, in essence, concluded that section 204.505(8) adopts the substantive as well as the procedural provisions of chapter 127, including these limitations. The State responds that section 204.505(8), itself, governs as to the substantive law of forfeiture of conveyances used to transport controlled substances and that chapter 127 is referred to only for its procedure.

■ To adopt the State's position would mean that there are no statutory limitations on the exercise of the forfeiture provisions for transporting controlled substances. We cannot ascribe such intent to the legislature in enacting section 204.505(8). For example, this could arguably permit forfeiture of a vehicle used for conveyance of a controlled substance without the knowledge of its owner, despite our announced principle that forfeiture of property of an innocent titleholder is not "necessary for the preservation of the public peace, health, or safety . . .." *See State ex rel. Woodbury County Anti-saloon League v. McGraw*, 191 Iowa 1090, 1094, 183 N.W. 593, 595 (1921) (Red Light Act). Thus, the interpretation of the statute the State urges would be unreasonable, and we are charged with the duty of construing statutes in order to reach a "just and reasonable result . . .." § 4.4(3), The Code. *Accord*, 2A A. Sutherland *Statutes and Statutory Construction* § 45.12 (4th ed. 1973). Such an interpretation would also raise grave constitutional questions and should be avoided. *State v. McGuire*, 200 N.W.2d 832, 833 (Iowa 1972); § 4.4(1); Sutherland, *supra*, § 45.11. Therefore, we hold that the substantive and procedural provisions of chapter 127, including these limitations, apply to conveyance forfeitures under § 204.505(8).

AFFIRMED.