Trafficking in cannabis; three years.
At 12:45 p.m. on May 5, 1981, Officer Steven Parrish of the Alexander City Police Department received a telephone call from an informant who told him that between 1:00 and 2:00 p.m. that day appellant would be driving through town in a new brown Ford Escort transporting ten pounds of marijuana to someone in another county. There was no evidence of how the informant gained his information, but Officer Parrish testified that the informant was reliable and had provided tips leading to at least one other drug arrest and conviction in the past.
Officer Parrish notified Chief of Police Lynn Royall of his conversation with the informant and Chief Royall radioed several patrol vehicles to be on the lookout for the automobile driven by appellant.
Sgt. Keith Worthy testified that he received the information about the Ford Escort appellant would be driving and, at approximately 1:50 p.m., he spotted the vehicle. He noticed that the car had no license tag, but a check revealed that the auto had been recently purchased by appellant's father and there was no tag violation. When Sgt. Worthy pulled the car over and asked appellant for his driver's license, he noticed that the license was not current and he arrested appellant for driving with an expired license. The officer stated that he saw a large brown plastic trash bag, knotted at the top, on the front passenger side floor of the vehicle.
Chief Royall and another officer arrived on the scene and Royall told appellant they had information he was transporting marijuana. When Royall stated that he wanted to search the vehicle appellant said, "Go ahead. You're going to do it anyway." Chief Royall then opened the trash bag and found it filled with smaller bags containing what was stipulated at trial to be 9.84 pounds of marijuana.
All the police officers who testified agreed that the bag was opaque, its contents were not ascertainable from the outside, and there was no smell of marijuana or other contraband in the vehicle. Chief Royall stated that he knew appellant had been convicted, approximately one month earlier, of the misdemeanor possession of marijuana.
Appellant took the stand and testified that he was driving his father's car on the date in question. He contends that his motion to suppress the State's evidence was due to be granted because the seizure of the marijuana was accomplished by an illegal warrantless search.
 I
Assuming, without deciding, that appellant had a "legitimate expectation of privacy" in his father's automobile, see UnitedStates v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619
(1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421,58 L.Ed.2d 387 (1978), an issue not raised by the parties or ruled upon by the trial court, see Steagald v. United States,451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); Collier v.State, 413 So.2d 396 (Ala.Cr.App. 1982), Affirmed,413 So.2d 403 (Ala. 1982), we shall consider the lawfulness of the search properly at issue.
It is well-established that, although the Fourth Amendment prohibits only unreasonable searches, all searches without a warrant are deemed per se unreasonable unless they fall within certain recognized exceptions to the warrant requirement. Katzv. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576
(1967); Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). The exceptions are (1) plain view, (2) consent, (3) incident to a lawful arrest, (4) hot pursuit or emergency situations, (5) exigent circumstances coupled with probable cause, and (6) stop and frisk situations. Richardson v. State, 376 So.2d 205
(Ala.Cr.App. 1978), Affirmed, 376 So.2d 228 (Ala. 1979). In our judgment, the warrantless search here was justified on the basis of probable cause and exigent circumstances.
Probable cause may be based solely on hearsay information received from an *Page 1240 
informant as long as there is a "substantial basis for crediting the hearsay." Jones v. United States, 362 U.S. 257,80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Clenney v. State, 281 Ala. 9, 198 So.2d 293 (1966). A substantial basis for believing the hearsay report exists if the informant's tip satisfies the "veracity" and "basis of knowledge" requirements outlined inAguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723
(1964). However, if the tip fails to meet either the veracity or basis of knowledge test, it may still, by itself, supply probable cause if the tip is "self-verifying," i.e., if its information is so detailed and specific that a "magistrate, when confronted with such detail, could reasonably infer that the informant gained his information in a reliable way."Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584,21 L.Ed.2d 637 (1969).
Finally, as Judge Bowen, writing for this court in Hatton v.State, 359 So.2d 822 (Ala.Cr.App. 1977), cert. quashed,359 So.2d 832 (Ala. 1978), observed:
 "Less detailed information from a reliable source may also be used as grounds for a finding of probable cause where the key elements of the tip are verified or corroborated. Ex parte State ex rel. Attorney General v. State, 286 Ala. 117, 237 So.2d 640 (1970); Payton v. State, 47 Ala. App. 347, 254 So.2d 351
(1971). Finally, a tip that will not meet any of these standards may still be used in conjunction with a number of other factors of `further support' to show probable cause." Hatton v. State, supra at 827.
Since the testimony of Officer Parrish established the underlying circumstances pointing to the informant's reliability, the tip satisfies the veracity prong of theAguilar test. Compare Stikes v. State, 397 So.2d 179
(Ala.Cr.App. 1980), cert. denied, 397 So.2d 183 (Ala. 1981) (only basis for determining reliability was conclusion of one police officer stated to another police officer). The tipster's information, as related by Officer Parrish, did not, however, include the source of the informant's knowledge and it therefore fails the second test set out in Aguilar. See Hattonv. State, supra. Likewise, the tip is not so detailed that it can be deemed "self-verifying." Spinelli v. United States, supra.
Nevertheless, each element of the tip — the color, make, model, and driver of the vehicle, as well as the time the car would pass through town — was corroborated by the independent observation of Sgt. Worthy before he stopped the vehicle. In the case before us, we have more similarity between the tip and the actual event than in Hatton v. State, supra. There, as Judge Bowen noted, "[t]he predicted events happened almost
precisely as foretold, except that the appellant arrived approximately two hours after the informant stated." Id. at 829 (emphasis added). Here, appellant arrived in a car identical to the one described by the informant and exactly within the one-hour time period predicted by the tipster.
Added to the independent verification of the tip, and the similarity between it and the actual event, is the fact that the Chief of Police knew of appellant's prior conviction for marijuana possession one month earlier. "Reputation, when combined with other factors, may help to support a finding of probable cause." Travis v. State, 381 So.2d 97 (Ala.Cr.App. 1979), cert. denied, 381 So.2d 102 (Ala. 1980); Hatton v.State, supra.
Based on the cumulative effect of all the foregoing facts and circumstances within the knowledge of the officers who conducted the search, we believe that the law enforcement authorities here were justified in concluding that an offense had been or was being committed. See Brinegar v. United States,338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), and that there was probable cause for the search. Exigent circumstances existed here because of the use of the automobile. Reid v.State, 388 So.2d 208 (Ala. 1979). Accordingly, the trial court was not in error in overruling the motion to suppress the evidence.
We have examined the record and it is free from error. Therefore, the judgment of conviction by the Tallapoosa Circuit Court is affirmed.
AFFIRMED.
All the Judges concur. *Page 1241