**UNITED STATES of America, Appellant,**

v.

**Robert Allen KEMP, Appellee.**

**No. 81–5223.**

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1982.

Decided Sept. 23, 1982.

---

Saverio M. Rocco, Baltimore, Md., for appellee (E. Thomas Maxwell, Jr., Baltimore, Md., on brief).

Steven A. Allen, Asst. U. S. Atty., Baltimore, Md., for appellant (J. Frederick Motz, U. S. Atty., Baltimore, Md., on brief).

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and YOUNG,* District Judge.

JOSEPH H. YOUNG, District Judge.

The government appeals from suppression of evidence in a criminal trial. Defendant was charged in two indictments on April 15, 1981, for possession with intent to distribute and distribution of marihuana in violation of 21 U.S.C. § 841(a). After a superseding indictment was returned consolidating the two indictments on July 1, 1981, Kemp moved to suppress the evidence seized from his 1973 Cadillac on September 20, 1979—a ledger book, a telephone book, two personal notebooks and a roll book. The district court found that the seizure of the vehicle pursuant to 21 U.S.C. § 881 was not in conformity with the statute and suppressed the evidence found pursuant to an "inventory" of the seized vehicle. Because contemporaneity may not be read into the probable cause requirement under the facts of this case, we reverse the district court.

FACTUAL BACKGROUND

An investigation leading to Kemp's indictment on charges relating to PCP began in the summer of 1978 when DEA Special Agent Harrell met Elmer Jones, an informant. In the course of several interviews with the informant from August, 1978 through November, 1978, DEA obtained information to convict one individual in 1978 for conspiracy to distribute PCP and to indict 49 others, including defendant, in May, 1979, on charges relating to PCP. In the course of these interviews, and apparently first on November 2, 1978, Jones gave Harrell information relating to Kemp's use of his Cadillac in connection with the distribution of drugs in August, 1977. DEA's investigation was kept secret until the 49 indictments were returned in May, 1979.

Kemp's vehicle was seized on September 20, 1979, at 223 Woodhill Court, Glen Burnie, Maryland, for civil forfeiture.[1] Until then, the government had been unsuccessful in its efforts to locate the car beginning in June or July, 1979, by checking Kemp's known addresses.

The officers located the vehicle in the parking lot of the apartment building where Kemp's girlfriend lived. Receiving no answer when they knocked on the door of the apartment to obtain the keys, the agents summoned a tow truck to remove the car from the public parking lot to DEA headquarters. Prior to the arrival of the tow truck, Kemp appeared and surrendered the keys to the vehicle. Thereupon the agents opened the car and conducted an inventory of its contents, returning personal, non-vehicular items to the owner, who was present.

During the inventory, two books were found on the front seat of the car, one of which was a ledger of controlled substance transactions, and the other a phone and address book. The books were opened and inspected and retained by the DEA agents.

---

* Honorable Joseph H. Young, United States District Judge for the District of Maryland, sitting by designation.

1. The automobile was ultimately forfeited to the government pursuant to 21 U.S.C. § 881. This forfeiture statute was also cited as authority for the seizure. There is no indication why alternate authority for the seizure was not available to the government under 49 U.S.C. § 782. Presumably, DEA agents and local police officers do not wear signs telling under what statutory authority they are acting. Since no prior warrant was issued, nor process applied for, under 21 U.S.C. § 881(b), which is precisely the issue in this case, this Court sees no reason that the seizure could not be justified under either statute irrespective of which statute the government ultimately relied on for the civil forfeiture.

After the seizure, appropriate forfeiture proceedings were initiated. The agents did not obtain a search and seizure warrant prior to the seizure of the automobile on September 20, 1979, nor had they filed a complaint for forfeiture pursuant to 21 U.S.C. § 881(b)(4), an exception to the process requirements.[2]

The district court held that the car had been seized improperly by the DEA agents, and suppressed the fruits of the search following the invalid seizure. The sole reason for determining that the seizure was invalid was that the facts giving rise to the probable cause were not sufficiently contemporaneous with the seizure to satisfy the Court that there was probable cause "to believe that the automobile was being or would be used in connection with illegal drug dealing on or around September 20, 1979, the date of the seizure."

Citing *United States v. Pappas,* 613 F.2d 324 (1st Cir. 1979), as the only published case involving a similar situation, the district court agreed with so much of the First Circuit en banc opinion that held that the notion of probable cause in this statute carries "at least some notion of contemporaneity." The district court also determined that the "term need not necessarily be read as requiring 'immediate' contemporaneity, nor need exigent circumstances necessarily always be shown." Because of its ruling on this issue, the court did not reach the constitutional question or the pretext issue now urged upon us by the defendant.

The government urges us to find that the seizure, and hence the ensuing search, were proper because contemporaneity of the seizure with the events giving rise to probable cause is not required, and that there is no constitutional necessity for either a warrant or prior judicial process pursuant to the general terms of 21 U.S.C. § 881(b). Defendant urges that the seizure was constitutionally impermissible, and even if it was not, that the inventory was merely a pretext for an investigatory search.

We need not reach the constitutionality or the pretext issue, but leave those for the district court on remand. We hold, however, that contemporaneity may not be read into the probable cause requirement of 21 U.S.C. § 881(b)(4) if the property seized allegedly "has been used" in violation of the drug laws.

Our analysis must begin with the statute. Section 881(a) of Title 21 of the United States Code defines property which shall be subject to forfeiture to the United States. Such property includes any conveyances which have been used or are intended for use to transport or in any manner facilitate the violation of the drug laws.[3] Section 881(b) provides methods by which the United States may obtain possession of this property. The government may either file a complaint and have process issued pursuant to the Supplemental Rules of Certain Admiralty and Maritime Claims, or it may seize without such process under certain enumerated circumstances. The exception to the process requirement relied on is § 881(b)(4), which allows a warrantless seizure if the government has probable cause

---

**2.** 21 U.S.C. § 881 provides in pertinent part:

Property subject

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2), except that—

(b) Any property subject to forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when—

(4) the Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this subchapter.

In the event of seizure pursuant to paragraph (3) or (4) of this subsection, proceedings under subsection (d) of this section shall be instituted promptly.

**3.** This portion of the statute, 21 U.S.C. § 881(a)(4), thus overlaps 49 U.S.C. § 782.

to believe that the property had been used in violation of the drug laws.

By existing federal law, property is forfeited the instant it is used in violation of the drug laws. *United States v. O'Reilly,* 486 F.2d 208 (8th Cir.), *cert. denied,* 414 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334 (1973). *See also Weathersbee v. United States,* 263 F.2d 324 (4th Cir. 1958) (26 U.S.C. § 7302). Therefore, in August, 1977, the automobile of defendant Kemp was already the property of the United States. It only remained for the government to assert its right to immediate possession. *See Weathersbee v. United States,* 263 F.2d at 326. The facts indicate that the government was not aware that it had a right to this property until November, 1978, when the informant told the DEA agent about the drug transactions in August, 1977. By that time the government was well into an investigation and understandably did not wish to tip its hand to obtain possession of property worth less than $2,500. *See id.*

After the indictments were returned in May, 1979, and the need for secrecy was gone, the government could focus on obtaining its property. As already stated, the government could seize its property pursuant to 21 U.S.C. § 881(b) or 49 U.S.C. § 782. The seizure was effected without a warrant and without the process required in Admiralty cases. To be justifiable under 49 U.S.C. § 782, the seizure must comport with generally accepted standards of warrantless seizures under the Fourth Amendment. To be justifiable under 21 U.S.C. § 881(b)(4), the Attorney General must have had probable cause to believe at the time of the seizure that the vehicle had been used in violation of the drug laws, and it must also be reasonable under the Fourth Amendment.

The probable cause under 21 U.S.C. § 881(b)(4) is different from probable cause in most search cases. The probable cause necessary for a search to be reasonable is probable cause to believe that law enforcement officials will find in a certain place contraband or evidence of a crime. *Zurcher v. Stanford Daily,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). Such probable cause can become stale because contraband and evidence can be moved from the place to be searched. *See, e.g., Andresen v. Maryland,* 427 U.S. 463, 478–9, n. 9, 96 S.Ct. 2737, 2747–48 n. 9, 49 L.Ed.2d 627 (1976); *United States v. Steeves,* 525 F.2d 33 (8th Cir. 1975).

Section 881 of 21 U.S.C. is a seizure statute, however; not a search statute. *United States v. Bush,* 647 F.2d 357 (3d Cir. 1981). The statute does not purport to authorize an intrusion on a "legitimate expectation of privacy," which is now the focal point of Fourth Amendment protection. *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). If the Attorney General has probable cause to believe "that the property has been used or is intended to be used in violation of this subchapter," the government may seize the property. If the Attorney General believes that the property "has been used" in violation of the drug laws, that means that he has probable cause to believe that the property belongs to the United States. Once the property "has been used," in violation of the law, its innocence cannot be regained, at least while still owned by the perpetrator of the violation. *See United States v. United States Coin & Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); *Weathersbee v. United States, supra,* 263 F.2d 324. This type of probable cause can never dissipate as probable cause for a search warrant may become stale. Forfeit is forfeit.[4] Therefore, the passage of time between the occurrence of the facts giving rise to probable cause and the occurrence of the seizure is irrelevant.[5]

---

4. If the Attorney General believes only that the property "is intended to be used in violation" of the drug laws, then that probable cause may become stale. After a time, if the property is in fact *not* so used, that would belie the original belief.

5. Although we hold the passage of time is irrelevant to the determination of statutory proba-

*Contra, United States v. Pappas,* 613 F.2d 324. A magistrate, if presented with the facts establishing that there is probable cause to believe that the property "has been used" in violation of the drug laws, could not find that an extended length of time between the time of forfeiture and the seizure would vitiate the probable cause. To hold otherwise would be to rewrite the statute to provide that the government has a property right in forfeited property only if it is seized within a certain period of time after the violation occurs. This was not the intent of Congress.[6]

■ The district court suppressed the evidence because it found the seizure illegal based on an improper reading of the statute. Defendant concedes that there was probable cause for seizure of his vehicle pursuant to 21 U.S.C. § 881(a)(4) in August, 1977. We hold that 21 U.S.C. § 881(b)(4) does not require an element of contemporaneity of events establishing probable cause with seizure of property subject to forfeiture if the Attorney General has reasonable cause at the time of the seizure to believe that the property "has been used" in violation of the drug laws. The seizure was therefore made with the requisite probable cause. We express no opinion on whether exigent circumstances are necessary, or were present in the case at bar, to sustain this seizure pursuant to either 21 U.S.C. § 881(b) or 49 U.S.C. § 782 under the Fourth Amendment. We remand to the district court for consideration of this question, as well as the constitutionality of the search if the Court finds the seizure legal.

REVERSED AND REMANDED.

ERVIN, Circuit Judge, dissenting:

Because I believe that 21 U.S.C. § 881(b)(4) requires contemporaneity of the seizure of a vehicle with the probable cause that allows the seizure, I respectfully dissent. I agree with the First Circuit in *United States v. Pappas,* 613 F.2d 324 (1st Cir. 1979) that the proper construction of § 881(b) necessitates that the seizure be proximate in time to the manifestation of probable cause. Any other reading of the law vitiates the other provisions of the statute.

I find particularly objectionable the majority's reasoning that the government can receive a tip from an informant about an event that occurred a year earlier, wait another year without receiving any additional information about drug transactions in the automobile, and then assert that the government has owned the automobile for two years. This warped analogy to property law, adopted from the Eighth Circuit in *United States v. O'Reilly,* 486 F.2d 208 (8th Cir.) *cert. denied,* 414 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334 (1973), destroys any semblance of logic in construing § 881(b). Contrary to the assertion that property is forfeited the moment it is used in violation of the drug laws, the property may not be forfeited until long after it is seized by the government. *Cf. Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967) (property not forfeited until four months after it was seized under a state forfeiture statute).

Additional justification for the result reached in *Pappas* can be found by a close reading of subsections (a) and (b) of § 881, *in pari materia.* The first sentence of subsection (b) limits its application to "[a]ny property subject to forfeiture . . . ." Subsection (a) defines property subject to forfeiture, with the following paragraph being applicable to our case: "(4) All conveyances, including aircraft, vehicles, or vessels, which *are used,* or *are intended for use,* to

---

ble cause, it is not irrelevant if there is a due process claim. Such an argument might arise if a long delay affected the rights of innocent third parties or if the government agents used their seizure power under this statute to circumvent the requirement for a search warrant.

**6.** We find that Congress could reasonably have passed this statute to read the way it does

based on a belief that the Fourth Amendment permits the warrantless seizure of property subject to forfeiture. This belief might be based on the government's superior possessory interest in the property and the private person's concomitant diminished expectation of privacy in the property. This is a question the *Pappas* court, and this Court, decline to decide.

transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2) . . . ." 21 U.S.C. § 881(a)(4) (emphasis added). The use of the present tense requires that to be subject to seizure under subsection (b), the object of the seizure must currently be in use, or intended for use, in violation of the drug laws. Assuming, as we must, that our national legislators did not intend to contradict the language of subsection (a) by the use of "has been used" in subsection (b), I can only conclude that contemporaneity of probable cause is necessary to effect a legal seizure of the vehicle. Because the probable cause in this case allegedly arose two years before the seizure, I must respectfully dissent.