HOLMES, Judge.
This is an appeal by the owner of an automobile from a condemnation proceeding. After an ore tenus hearing the trial court forfeited the automobile. The owner, through able counsel, appeals and we affirm.
The dispositive issues are (1) whether the forfeiture of the automobile was based upon inadmissable evidence in that unauthorized law enforcement officials conducted an illegal search in violation of constitutional rights and (2)' whether there was sufficient evidence that the owner knew or should have known that his automobile would be used to transport drugs.
The record reveals the following pertinent facts:
Acting on information received from a confidential enformant, law enforcement officials including city policemen, the Alabama Bureau of Investigation, and federal narcotics agents observed and then stopped the defendant while driving the vehicle in question. The automobile belonged to the defendant’s brother who had loaned the vehicle to defendant that day.
A warrantless search of the automobile turned up approximately four ounces of cocaine which was seized and defendant was arrested. The district attorney of Mobile County thereafter petitioned to have the vehicle condemned pursuant to § 20-2-93, Ala.Code (1975).
After an ore tenus hearing the trial court found that the owner of the vehicle knew or should have known that, given the reputation of his brother, the defendant, the vehicle might be used for illegal transactions. Consequently, the trial court ordered the automobile forfeited to the police.
On appeal, the owner first contends that the automobile was illegally searched and that the forfeiture cannot be predicated on evidence seized during the search. More specifically, the owner contends that the officers conducting the search were not authorized to do so and that there was no probable cause present to justify a warrant-less search.
The owner relies on statutes pertaining to the issuance and execution of search warrants that authorize only the sheriff or someone under his supervision to execute warrants. §§ 15-5-1, 15-5-5; 15-5-7, *933 Ala.Code (1975). It is undisputed that the sheriff was not involved in the instant case. However, the present case involves a war-rantless search. Section 15-5-30, Ala.Code (1975), gives policemen of any incorporated city the authority to stop and question any person in a public place who the policemen reasonably suspect is committing, has committed, or is about to commit a felony or other public offense. Additionally, the police are allowed to conduct a warrantless search of the vehicle stopped if they have probable cause. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973).
All searches without a warrant are deemed unreasonable unless they fall within certain recognized exceptions to the warrant requirement. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). The most pertinent exception as far as it concerns the present case involves exigent circumstances coupled with probable cause.
In McClellan v. State, 415 So.2d 1238 (Ala.Cr.App.1982), the court of criminal appeals states the law regarding probable cause that we believe is applicable in the case at bar.
“Probable cause may be based solely on hearsay information received from an informant as long as there is a ‘substantial basis for crediting the hearsay.’ Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Clenney v. State, 281 Ala. 9, 198 So.2d 293 (1966). A substantial basis for believing the hearsay report exists if the informant’s tip satisfies the ‘veracity’ and ‘basis of knowledge’ requirements outlined in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). However, if the tip fails to meet either the veracity or basis of knowledge test, it may still, by itself, supply probable cause if the tip is ‘self-verifying,’ i.e., if its information is so detailed and specific that a ‘magistrate, when confronted with such detail, could reasonably infer that the informant gained his information in a reliable way.’ Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).”
McClellan v. State, 415 So.2d 1238, 1239-40 (Ala.Cr.App.1982). Cf. Murray v. State ex rel. Tidwell, 423 So.2d 246 (Ala.Civ.App.1982). (Informant’s tip did not provide probable cause.)
In the present case, the evidence shows that the informant gave the police the name of the defendant, his description, where the defendant would be, and at what time the defendant would be leaving with the drugs. In addition, the informant gave the police a description of the car defendant would be driving. The defendant was known by name and on sight by the police and they observed him the same day they received the tip at the time and place and in the car that the informant had said defendant would be driving. Every detail was as the informant had told the police and the police verified the details before stopping defendant. This added with the fact that the defendant was known to the police to be a reputed drug dealer is to this court clearly sufficient to bring the present case within the standard pronounced in McClellan v. State, 415 So.2d 1238 (Ala.Cr.App.1982). Therefore, probable cause was present for the search and the exigent circumstances existed because of the use of the automobile. McClellan v. State, supra.
In view of the exigent circumstances coupled with probable cause, we find that the law enforcement authorities were authorized to make a warrantless search of the owner’s automobile and the evidence obtained as a result of the search was properly admitted in the condemnation proceedings.
Lastly, the owner contends that there was not sufficient evidence to show that he knew or should have known that the defendant would be using his automobile for illegal transactions.
Section 20-2-93(a)(4)(b), Ala.Code (1975), states that “[no] conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent.”
*934 In the present case, the owner testified that he did not know when he lent his brother his automobile that the brother would be using it to transport illegal drugs. However, numerous law enforcement officials testified that the owner’s brother, the defendant, had a reputation in the community as one of the largest drug traffickers in the area. The gist of the testimony was that the defendant/brother was known by the police and by the community at large as a drug dealer.
When a case is heard ore tenus by the trial court sitting without a jury, the trial court’s findings are presumed correct unless shown to be clearly contrary to the great weight of the evidence. Eleven Automobiles v. State ex rel. Graddick, 384 So.2d 1129 (Ala.Civ.App.1980). In the present case there was sufficient evidence, as indicated above, to support the trial court’s findings in regard to the owner’s knowledge of the defendant’s illegal use of the automobile.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs in the result.