**In the Matter of the PROPERTY SEIZED ON JANUARY 31, 1983.**

**Lonson J. LULOFF, Owner of Seized 1979 Corvette Vehicle, Appellant,**

v.

**STATE of Iowa, Seizer, Appellee.**

**No. 84–179.**

Supreme Court of Iowa.

Feb. 13, 1985.

C.A. Frerichs of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellant.

Donna Lesyshen, Asst. City Atty., Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

SCHULTZ, Justice.

The allure of a free "Vette" has stimulated the city fathers of Waterloo into a legal fray with the vehicle's titleholder, a convicted cocaine dealer. Lonson Luloff appeals from the order of the district court forfeiting his 1969 brown Corvette automobile in a proceeding under Iowa Code chapter 127. The action was commenced in Bremer County where the vehicle was seized by the State. The City of Waterloo requisitioned the forfeited vehicle pursuant to Iowa Code section 127.19 and now defends its booty.

There is little dispute about the facts. Agents for the Iowa Division of Criminal Investigation testified that on or about September 3, 1982, Luloff used the vehicle in question in connection with the transportation and delivery of a controlled substance, cocaine. Luloff was not arrested for this transaction until January 31, 1983. Later, on January 31, a state agent and a Bremer County deputy sheriff proceeded to Luloff's residence to seize the vehicle that Luloff had used to transport cocaine. At the time of the seizure, Luloff was in the

Bremer County jail; however, his girlfriend, who later became his wife, was at his residence. The officers accomplished the seizure without notice, hearing or judicial authorization for the seizure. They identified themselves to the girlfriend, told her they were there to seize the automobile, and showed her a copy of an information they stated would be filed the next day. Express consent to the seizure was not sought or obtained. Luloff's girlfriend found a set of keys to the automobile, backed the vehicle out of the garage, and turned the vehicle over to the officers without resistance. The officers receipted for the auto and the cash found inside it.

The information was filed the following day on February 1, 1983. Three days later Luloff claimed the right to possession of the seized property pursuant to Iowa Code section 809.3 and made application for its immediate return. The seized currency was returned by a court order following a prompt hearing that was confined to the currency. The hearing concerning the return of the automobile was held after Luloff pleaded guilty to the cocaine delivery charges. The matter proceeded to hearing on October 31, 1983; and the vehicle was forfeited to the State.

On appeal Luloff asserts: (1) he was deprived of property without due process because there was neither prior judicial approval of the seizure nor exigent circumstances which would excuse the absence of such approval; (2) the trial court failed to make findings of fact which would support an order for forfeiture; and (3) the evidence was insufficient to support either a finding that the seizure was incident to an arrest or consensual. We find no merit in these claims and affirm.

I. *Due process.* Luloff's claim that he had been deprived of property without due process of law is based on Iowa Constitution article I, section 9 and the fourteenth amendment to the United States Constitution. His primary complaint is that the seizing officer did not obtain any type of prior judicial approval before seizing the vehicle. Luloff does not contest that a

conveyance which has been used to convey contraband can be seized and forfeited at a later time, nor does he assert that a preseizure hearing is required under the terms of chapter 127. Luloff contends that when there is a delay between the illegal act and the seizure, with no exigent circumstances at the time of the seizure, the constitutional guarantee of due process requires prior judicial approval for the delayed seizure.

The City on the other hand, maintains that the trial court correctly found, as a matter of law, that the seizure of the Corvette automobile did not violate any due process requirements. The City cites *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), for the proposition that due process is not a rigid concept and, in limited circumstances, immediate seizure of a property interest without an opportunity for prior hearing is constitutionally permissible.

■ When this constitutional issue was presented to the trial court, Luloff asserted that the possessor must be given the opportunity for a hearing before the property may be seized legally, relying upon *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In *Fuentes* the Supreme Court held that replevin laws which authorize summary seizure upon an ex parte application without providing the possessor the right to be heard before the property is taken violate the due process provisions of the fourteenth amendment. *Id.* at 96, 92 S.Ct. at 2002, 32 L.Ed.2d at 579. The trial court relied upon the ruling in *Calero-Toledo* which distinguished the seizure without notice of forfeitable contraband from the situation in *Fuentes,* citing the special need for prompt action as one reason. 416 U.S. at 678, 94 S.Ct. at 2089, 40 L.Ed.2d at 465. Luloff asserts that neither a special need for prompt action nor exigent circumstances required an immediate seizure. We find it unnecessary to determine whether there was a special need for prompt action or even if the seizure was legal. We conclude that even if Luloff's due process rights were violated in the seizure, the forfeiture was proper.

We believe the proper rule is that the legality or illegality of the initial seizure of the forfeitable property is immaterial to the determination of whether the property should be forfeited at the final hearing. The policy considerations which lead to the exclusion of evidence obtained by a wrongful search and seizure generally are not applicable to forfeiture proceedings. Certain property, the possession of which is illegal, is contraband per se, e.g. heroin and other illegal controlled substances, moonshine and sawed-off shotguns. Property which is contraband per se is subject to forfeiture even if improperly seized. *People v. Zimmerman,* 44 Ill. App.3d 601, 604, 3 Ill.Dec. 317, 320, 358 N.E.2d 715, 718 (1976); *State v. Voshart,* 39 Wis.2d 419, 433, 159 N.W.2d 1, 8 (1968); *Blackmon v. Brotherhood Protective Order of Elks,* 232 Ga. 671, 673, 208 S.E.2d 483, 484 (1974). Derivative contraband, such as automobiles, boats, planes and currency, which may be lawfully possessed but becomes contraband by its illegal use, presents a more difficult problem. Recently, the United States Supreme Court in *Immigration and Naturalization Service v. Lopez-Mondoza,* —— U.S. ——, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984), held in an alien deportation proceeding that the body of a defendant is never itself suppressible as the fruit of an unlawful arrest, search or interrogation, supporting its conclusion by stating that "[a] similar rule applies in forfeiture proceedings directed against contraband or forfeitable property." *Id.* at ——, 104 S.Ct. at 3485, 82 L.Ed.2d at 786. The rule in forfeiture cases was not in issue, but this statement indicates the Court's position. A long time ago the Supreme Court differentiated between a search and seizure of stolen or forfeited goods and a search or seizure of private papers and books for the purpose of using them for evidence on the basis that in one the government is entitled to the property and in the other it is not. *Boyd v. United States,* 116 U.S. 616, 628, 6 S.Ct. 524, 531, 29 L.Ed. 746, 750 (1886).

The majority of the federal and state courts hold that the fact the seizure was unlawful alone does not exempt the property from forfeiture. *United States v. One 1978 Mercedes Benz, Four-door Sedan,* 711 F.2d 1297, 1302–03 (5th Cir.1983); *United States v. Eighty-Eight Thousand, Five Hundred Dollars,* 671 F.2d 293, 297 (8th Cir.1982); *United States v. One (1) 1971 Harley-Davidson Motorcycle,* 508 F.2d 351, 351 (9th Cir.1974); *John Bacall Imports, Ltd. v. United States,* 412 F.2d 586, 588 (9th Cir.1969); *Martin v. United States,* 277 F.2d 785, 786 (5th Cir.1960); *United States v. One 1956 Ford Tudor Sedan,* 253 F.2d 725, 727 (4th Cir.1958); *State v. Jones,* 181 N.J.Super. 549, 554, 438 A.2d 581, 583 (1981); *Fuqua v. Armour,* 543 S.W.2d 64, 68 (Tenn.1976); *Stroupe v. Tidwell,* 510 S.W.2d 77, 82 (Tenn.), *cert. denied,* 419 U.S. 860, 95 S.Ct. 110, 42 L.Ed.2d 95 (1974). *Contra Doherty v. United States,* 500 F.2d 540, 547 (Ct.Cl. 1974). Although there is a split of authority, some courts have extended their approval of a seizure without warrant or legal process beyond forfeiture proceedings into subsequent criminal prosecutions by holding the fruits of an inventory search of a seized automobile to be constitutionally admissible evidence. *United States v. Pappas,* 600 F.2d 300, 303–06 (1st Cir. 1979); *United States v. Francolino,* 367 F.2d 1013, 1021 (2d Cir.1966); *cert. denied,* 386 U.S. 960, 87 S.Ct. 1020, 18 L.Ed.2d 110 (1967). *Contra United States v. McCormick,* 502 F.2d 281, 285 (9th Cir.1974). We do not have an issue concerning the subsequent seizure of evidence in the forfeited vehicle and cite these cases only to show the reach of federal cases concerning seizure of vehicles the government has good cause to believe are subject to forfeiture for carrying contraband.

Various reasons have been advanced to justify an otherwise unlawful seizure in forfeiture proceedings. In *Dodge v. United States,* 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392 (1926), the United States Supreme Court reasoned that no prejudice occurs since the owner suffers nothing that he would not have suffered if the seizure had been authorized. *Id.* at 532, 47 S.Ct. at

191, 71 L.Ed. at 393. Many cases indicate that the property rights of the former owners have been lost as a result of the unlawful use of the property; thus the owner has no standing to contest his possession with the government. In *United States v. Kemp*, 690 F.2d 397 (4th Cir.1982), the court indicated that the forfeiture proceeding is an exception to process requirements when the government has probable cause to believe that a vehicle has been used in the drug trade; the "property is forfeited the instant it is used in violation of the drug laws.... It only remain[s] for the government to assert its right to immediate possession." 690 F.2d at 401. The court in *Mercedes Benz* approved the language used in *Kemp* and indicated that the government's right to seize the vehicle "matures at the time of the illegal conduct." 711 F.2d at 1302.

As a caveat, we are not passing on the admissibility of evidence that provides proof of grounds for a forfeiture. Our holding is limited here to a fact situation in which the grounds for forfeiture, the illegal use of the vehicle to transport cocaine, were discovered by entirely lawful means. Stated otherwise, the probable cause for seizure was secured through an independent, lawful investigation. We are not confronted with a situation in which there was an illegal stop of the vehicle which led to the arrest and the forfeiture proceedings. See *Berryhill v. State*, 372 So.2d 355, 356–57 (Ala.Civ.App.1979). In *Berryhill* the court stated that it would be anomalous to exclude illegally seized evidence in the criminal proceedings, but use it in the forfeiture proceeding which requires a determination that the criminal law has been violated. *Id.* at 356. We also are not confronted with an illegal seizure without probable cause for forfeiture. Regardless, we cannot recommend the brinkmanship practiced by seizure without legal process.

■ Our disposition of Luloff's due process claim in this division also disposes of his claims that the seizure was not incident to the arrest and that no consent was given to the seizure of the automobile. These claims inhere in the claim that there was an illegal seizure. We hold the forfeiture is unaffected by an illegal seizure; thus, we need not determine whether the seizure was legal.

■ II. *Statutory fact-findings.* Luloff maintains that the trial court did not make a finding of fact pursuant to Iowa Code section 127.12 (1983);[1] consequently, the case must be reversed. The City agrees that the trial court did not make the findings enumerated, but claims there is substantial evidence on the record to support the finding of the trial court that a conveyance used to transport and distribute cocaine falls within the forfeiture provisions of chapter 127. We hold that the requirements of section 127.12 are not applicable to the forfeiture of a conveyance used to facilitate a violation of the Uniform Controlled Substances Act, Iowa Code chapter 204.

Since the adoption of the Uniform Controlled Substances Act, 1971 Iowa Acts ch. 148, §§ 1–602, section 204.505 has remained the provision that describes the items subject to forfeiture. Although the Act has been amended, section 204.505(8) has remained the same and provides: "Chapter 127 shall be applicable to conveyances used to transport or hold any controlled substance listed in schedules I, II, III or IV of this chapter." In *State v. One Certain Conveyance*, 288 N.W.2d 336 (Iowa 1980), we interpreted section 204.-505(8) to adopt the substantive as well as the procedural provisions of chapter 127, including the limitations in section 127.12. *Id.* at 336–37. We reasoned that to adopt any other position "would mean that there

---

1. Section 127.12 provides:

An order of forfeiture may only be entered upon a finding by the court that all of the following are true: (1) the quantity of liquor transported is large enough to give rise to a presumption that the liquor was being trans-

ported for the purpose of sale; (2) the transportation of the liquor was not incidental to the transportation of persons or other property; (3) one of the owners or lien holders knew or consented to the transportation of the liquor.

are no statutory limitations on the exercise of the forfeiture provisions for transporting controlled substances." *Id.* at 337. At that time the Uniform Controlled Substances Act provided for the forfeiture of the controlled substance itself, the raw materials and containers, and certain records, and included the provision that chapter 127 would be applicable to conveyances; however, it contained no specific substantive guidelines concerning the extent of the use or the knowledge or intent of the owners and lien holders necessary for forfeiture of conveyances. § 204.505 (1977).

Following our decision in *One Certain Conveyance*, the legislature enacted Iowa Code section 127.24 (1983), 1981 Iowa Acts ch. 117, § 1206 and added subsection 1, paragraph f to section 204.505, 1982 Iowa Acts ch. 1147, § 13. These sections provide as follows:

Section 127.24 Conveyance subject to forfeiture. A conveyance as defined in section 127.1 which is used in the unlawful transportation or distribution of a controlled substance is subject to seizure and forfeiture under this chapter in the same manner as if the conveyance is used in the unlawful transportation of intoxicating liquor. The peace officer seizing a conveyance for a violation relating to the distribution or transportation of a controlled substance shall follow procedures specified in this chapter to the extent applicable.

Section 204.505 Forfeitures.

1. The following are subject to forfeiture:

.  .  .  .  .

f. Everything of value that is furnished or intended to be furnished in exchange for a controlled substance in violation of this chapter, all proceeds including real and personal property traceable to such an exchange, and all moneys, negotiable instruments, securities, and conveyances used or intended to be used to facilitate a violation of this chapter, except that property shall not be forfeited under this paragraph, to the extent of the interest of an owner, by

reason of an act or omission committed or omitted without the owner's knowledge or consent. All moneys, coin, and currency found in close proximity to forfeitable controlled substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. The burden of proof is upon claimants of the property to rebut this presumption.

When we interpret these sections in conjunction with one another, we conclude the legislature intended chapter 127 only to provide the procedural provisions for the forfeiture of conveyances that become contraband because of their use for transportation of controlled substances. Section 127.24 indicates that such vehicles are subject to seizure and forfeiture "in the same manner" as vehicles referred to in chapter 127. The use of the word "manner" indicates a method of doing something or a mode of procedure rather than a substantive basis or reason for the procedure like that provided in section 127.12 for conveyances used in the illegal transportation of intoxicating liquor. On the other hand, section 204.505(1)(f) now provides the basis for forfeiture by indicating that the conveyances subject to forfeiture are those "used to facilitate a violation of this chapter [204]" and providing for an exception based on the owner's interest when the act is committed without the owner's knowledge and consent. This provision satisfies our fear in *One Certain Conveyance* that previously under chapter 204 a vehicle could be forfeited for use as a conveyance of a controlled substance without the knowledge of its owner. 288 N.W.2d at 337.

Under the principles of statutory construction, we examine amendments to existing statutes to determine the legislative design which motivated the change, assuming the amendment sought to accomplish some purpose and was not simply a futile exercise of legislative power. *State v. One Certain Conveyance, 1971 Honda 350 Mo-*

*torcycle,* 211 N.W.2d 297, 299 (Iowa 1973). The apparent legislative purpose of subsection 204.505(1)(f) is to allow forfeiture of a conveyance that simply has been used to facilitate a violation of chapter 204. Contra, section 127.12 allows forfeiture of a conveyance only when it has been used to transport a large quantity of liquor which was not incidental to the transportation of persons or property.

■ Other reasons support this construction of the statutes in question. When construing a statute, we consider the language used in the statute, the object sought to be accomplished, the evils and mischief sought to be remedied, and place a reasonable construction on the statute which will best effect its purpose rather than one which will defeat it. *Crow v. Shaeffer,* 199 N.W.2d 45, 47 (Iowa 1972). We recently reiterated the purpose of the Uniform Controlled Substances Act in *State v. One Certain Conveyance,* 334 N.W.2d 724 (Iowa 1983), stating that the obvious purpose was to inhibit the easy distribution of drugs. *Id.* at 726 (citing *State v. One Certain Conveyance, 1971 Honda 350 Motorcycle,* 211 N.W.2d 297, 299 (Iowa 1973)). The legislature did not intend a construction which would facilitate rather than restrict the acquisition and use of prohibited controlled substances.

■ In summary, we now hold that the provisions of Iowa Code section 127.12 no longer govern the substantive law of forfeiture of conveyances used to transport controlled substances. The basis for the forfeiture must now be ascertained from subsection 204.505(1)(f).

AFFIRMED.