Mace HERSHBERGER, Appellant,

v.

BUENA VISTA COUNTY,
Iowa, Appellee.

No. 85–1207.

Supreme Court of Iowa.

July 23, 1986.

Curtis L. Tideman and Dan Connell, of Connell & Duffy, P.C., Storm Lake, for appellant.

John D. Mayne, Jody A. Dible and John S. Mumford, of Mayne & Berenstein, Sioux City, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Plaintiff, Mace Hershberger, appeals from the final judgment for the defendant county following a jury trial. He challenges rulings of the district court, rendered prior to trial under Iowa Rule of Civil Procedure 105, which removed several claims of negligence from consideration by the jury. We reverse the judgment of the district court and remand the action for a new trial.

The plaintiff alleges that he was injured while riding as a passenger in a motor vehicle driven by another person. The car left a county roadway in Buena Vista County and struck a tree. It is alleged that this occurred on August 28, 1982. Plaintiff seeks to recover damages from the county for his injuries. He bases his claim on allegations that the county was negligent in six specified acts or omissions involving the safety of the roadway on which the accident occurred.

The specifications of negligence contained in the petition were as follows:

Defendant county was negligent in the following respects:

(a) Failure to reasonably place and maintain a proper traffic control device upon said road in violation of Section 321.255 of the 1983 Code of Iowa and Sections 2C–3, 2C–4 and 2C–5 of the manual on uniform traffic control devices promulgated and adopted by the Iowa Department of Transportation;

(b) In placing a right-turn sign upon a road which turns left;

(c) Failure to place a painted road edge, reflectors or guard rail along the edge of the said road;

(d) Failure to maintain the shoulder of the road;

(e) Failure to warn drivers of the dangerous conditions on said road;

(f) Failure to exercise reasonable care in repairing or removing the dangerous condition of said road which existed at the aforementioned time and place.

Plaintiff filed his petition on July 18, 1984. As a consequence of this timing, the defendant county asserted at a pretrial conference that the trial of plaintiff's claims would be subject to the provisions of 1984 Iowa Acts ch. 1293, § 10. This statute provides, with respect to cases filed on or after to July 1, 1984,

[the] state or a municipality shall not be assigned a percentage of fault for any of the following:

1. The failure to place, erect, or install a stop sign, traffic control device, or other regulatory sign as defined in the uniform manual for traffic control devices adopted pursuant to section 321.252. However, once a regulatory device has been placed, created or installed, the state or municipality may be assigned a percentage of fault for its failure to maintain the device.[1]

Upon being alerted that the county deemed the foregoing statute to apply to his claims, plaintiff requested the court, pursuant to Iowa Rule of Civil Procedure 105, to adjudicate the nonapplicability

---

**1.** This statute is presently codified as Iowa Code section 668.10(1) (1985) and will be identified by that designation throughout the balance of this opinion. The provision which rendered this statute effective with respect to cases filed on or after July 1, 1984, is found in 1984 Iowa Acts ch. 1293, § 15.

thereof to each of the six specifications of negligence set forth in his petition. The court acted upon plaintiff's motion, but instead of adjudicating the nonapplicability of the foregoing statute it entered an adjudication of law points providing that section 668.10(1) does apply to those specifications set forth in paragraphs (a), (b), (c), and (e) of plaintiff's petition. This conclusion would insulate the county from any determination of fault based on those allegations. This order was determinative of those issues for purposes of further proceedings in the case.

The case proceeded to trial in consolidation with the claims of other passengers injured in the same accident. Plaintiff's claims were limited to the allegations contained in paragraphs (d) and (f) of his petition. He failed to produce any evidence in support of those claims nor did the evidence produced by the other plaintiffs create a submissible jury issue with respect thereto. Accordingly, a verdict was directed against plaintiff in the district court, and final judgment for the county was entered on that verdict.

On appeal, plaintiff challenges the ruling under rule 105 that no fault could be assigned to the county based on the allegations of paragraphs (a), (b), (c), and (e) of his petition. That ruling, we believe, inhered in the final judgment entered by the district court and may be considered on plaintiff's appeal from that judgment. *See Powell v. Khodari-Intergreen Co.*, 334 N.W.2d 127, 129–30 (Iowa 1983).

The basis for the district court's pretrial ruling effectively striking from the case four of plaintiff's six claims of negligence was its belief that the provisions of section 668.10(1) mandated this result. Plaintiff asserts that this determination was erroneous for two reasons. First, he urges that a statute may not be retroactively applied so as to affect claims based on events occurring prior to its effective date. Second, he urges that, even if the statute applies to his claim as a result of the date the petition was filed, its provisions do not insulate the county from a finding of actionable fault as

to the four specifications of negligence which the district court ordered removed from the claim. We disagree with plaintiff's first contention but agree with the second contention with respect to some of the specifications of negligence which are involved.

■ The general thrust of plaintiff's retroactivity argument is, we believe, contrary to the determination made by this court in *Metier v. Cooper Transport Co.*, 378 N.W.2d 907 (Iowa 1985). In that case we observed that in "claims . . . filed after the effective date of chapter 668 [1984 Iowa Acts ch. 1293] (July 1, 1984), the provisions of that act apply." *Id.* at 911. Plaintiff's arguments in the present case as to why the statute should not be applied to him do not persuade us that the views expressed in *Metier* are incorrect.

Plaintiff relies on the rule of construction contained in Iowa Code section 4.5 (1983) which provides "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." We are satisfied that the language of 1984 Iowa Acts chapter 1293, section 15, stating that "[t]his Act, except for section 4, applies to all cases filed on or after July 1, 1984," is an express declaration of a legislative intent to make the provisions of section 668.10 applicable to cases filed on or after July 1, 1984. Plaintiff also argues that the statute should not be applied to persons, such as he, who filed tort claim notices with the state or municipality prior to July 1, 1984. Had the legislature intended that result it could have said so in the act, but it did not. It instead chose to make the effective date of the new legislation dependent upon the time of filing of the action.

We next consider plaintiff's contention that, even if section 668.10(1) does apply to his claims of negligence against the county, the district court nevertheless erred in its interpretation of the effect of that legislation upon the claims made in this case. Consideration of this argument requires separate review of each of the four specifications of negligence from which the coun-

ty was immunized by the district court's ruling.

With respect to the allegations of paragraph 5(c) of the petition, we believe the devices which were allegedly not installed fall within the definition of "traffic control devices" as that term was interpreted in *Metier,* 378 N.W.2d at 912–13, and in *Prell v. Wood,* 386 N.W.2d 89, 92–93 (Iowa 1986). Accordingly, we find the ruling of the district court was correct with respect to this specification of negligence.

 Paragraph 5(e) of the petition charges a failure to warn in general terms. To the extent that the county's common law duty to warn could have been discharged adequately by means of a traffic control device, we conclude that the trial court's ruling striking this allegation was correct. A state of facts might be envisioned, however, in which the exigencies are such that ordinary care would require the state or municipality to warn of dangerous conditions by other than inanimate devices. Such a situation would not fall within the scope of section 668.10(1). Accordingly, final determination of the applicability of that statute to paragraph 5(e) must await a proper evidentiary showing.

The allegations of paragraph 5(b) of the petition do not involve an alleged failure to place, erect, or install a traffic control device. Rather, these allegations suggest that a warning sign was installed in a negligent manner. Because the provisions of section 668.10(1) do not insulate the county from liability for negligence of this type, the district court erred in removing these issues from the case prior to trial.

Paragraph 5(a) of the petition alleges a failure to "place and maintain" proper traffic control devices. This allegation is cast in the form of the language contained in Iowa Code section 321.255 which, we believe, states in the conjunctive both a duty to place such devices and a duty to maintain such devices. The trial court's application of section 668.10(1) to this allegation was correct with respect to traffic control devices which had not been erected prior to the accident in which plaintiff was injured. The court went too far, however, by also precluding proof of a negligent failure by the county to maintain those devices, if any, which were in place prior to that time. Section 668.10(1), by its express terms, does not insulate the state or a municipality from liability for negligence of this character.

Because the effect of the district court's ruling under Iowa Rule of Civil Procedure 105 was to preclude the plaintiff from offering at trial evidence of claims for which the county potentially could be held liable, the judgment must be reversed. The case is remanded for retrial of those issues which remain viable as a result of the determinations rendered in this opinion.

REVERSED AND REMANDED.