**STATE of Iowa, Appellee,**

v.

**William E. LUDTKE, Appellant.**

No. 88–1577.

Supreme Court of Iowa.

Oct. 18, 1989.

John O. Moeller, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., William E. Davis, County Atty., and Hugh Pries, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

ANDREASEN, Justice.

Pursuant to a validly executed search warrant, officers of the Davenport Police Department seized several firearms and other evidence from William E. Ludtke on February 11, 1987. Two days later, Ludtke received a notice of seizure which stated, among other things:

A person claiming right to possession of seized property may make application for its return in the office of the Clerk of Court in which it was seized within 30 days after receiving this Notice, pursuant to Section 809.3 of the Code of Iowa.

In absence of such claim, the property shall stand forfeited to the County Court Fund pursuant to Section 809.6 of the Code of Iowa six months from the date hereof.

Ludtke was charged with two crimes: possession of a controlled substance (marijuana) in violation of Iowa Code section 204.-401(3)(1987), and possession of a firearm by a convicted felon in violation of Iowa Code section 724.26. A jury returned guilty verdicts on both counts and the district court sentenced Ludtke on June 23, 1987.

On July 28, 1988, Ludtke filed an application for return of the firearms, a crossbow, a pellet rifle, and a brown wooden box. The firearms consisted of two shotguns, three rifles, and four handguns. He urged that the State of Iowa had not sought forfeiture of the property and the statute of limitations for doing so had passed, that the items of property are not contraband per se, and that he should be allowed to designate his brother, John Ludtke, to receive and possess the weapons for him. Ludtke conceded that he could not legally possess the firearms.

The district court denied Ludtke's application. The court relied on Iowa Code section 809.5(2), which states, in part:

Upon the filing of a claim and following hearing by the court, property which has been seized shall be returned to the person who demonstrates a right to possession, unless one or more of the following is true:

a. The possession of the property by the claimant is prohibited by law.

The court held that this possessory remedy belongs exclusively to the owner. Since the court could not return the weapons to the owner, William Ludtke, the weapons would remain in the State's possession.

The district court further held that Ludtke was untimely in filing his application. The court relied on Iowa Code section 809.5 in concluding that an application for the return of seized property must be filed within thirty days of the notice of seizure or the property is considered abandoned. Since Ludtke received the notice of seizure on February 13, 1987, and failed to file an application for return of the seized property within thirty days, the court held he abandoned the property to the State.

On appeal, Ludtke challenges the validity of the ruling. He maintains that the State's failure to claim a forfeiture within one year of the seizure, as required by Iowa Code section 809.8(2), terminates its right to do so. He specifically challenges the forfeiture of the brown wooden box, the pellet rifle, and the crossbow. Finally, he argues that the notice he received was based on a repealed forfeiture statute. He argues that the applicable law contains no time limitation for claims upon notice of seizure.

Although we strictly construe forfeiture statutes, State v. Kaufman, 201 N.W.2d 722, 723 (Iowa 1972), we also construe forfeiture statutes with a view to promote their legitimate purposes. State v. Merchandise Seized, 225 N.W.2d 921, 926 (Iowa 1975). Our ultimate goal is to ascertain and give effect to the intention of the legislature. Kohrt v. Yetter, 344 N.W.2d 245, 246 (Iowa 1984). In determining legislative intent, we consider the language of the statute and the objects sought to be accomplished. Slager v. HWA Corp., 435 N.W.2d 349, 352 (Iowa 1989). When the legislature amends a statute, we assume the amendment was adopted to accomplish a purpose and was not simply a futile exercise of legislative power. In re Property Seized on January 31, 1983, 362 N.W.2d 565, 570 (Iowa 1985).

In 1986, the legislature adopted an act relating to the disposition of seizable and forfeitable property. 1986 Iowa Acts ch. 1140, codified at Iowa Code ch. 809 (1987). The act superseded earlier statutes governing seizure and forfeiture. *See* Iowa Code ch. 809A (Supp.1985) (repealed, 1986 Iowa Acts ch. 1140, § 19); Iowa Code ch. 809 (1985) (repealed, 1985 Iowa Acts ch. 201, § 22). The act clearly distinguishes between the procedures governing seizure and forfeiture. *See* Iowa Code §§ 809.2–809.5 (seizure), 809.7–809.15 (forfeiture). The State may extinguish ownership interests in seizable and forfeitable property by triggering abandonment of the property or by perfecting a forfeiture of the property. *See* Iowa Code §§ 809.5(1), 809.8–809.11.

I. *The Shotguns, Rifles, and Handguns.*

The district court properly denied Ludtke's application for return of the firearms under Iowa Code section 809.5(2) because "[t]he possession of the property is prohibited by law." Iowa Code § 809.5(2)(a)(1987). The district court also properly held that the firearms could not be turned over to Ludtke's brother as a designee. Once forfeitable property is seized, no right to the property may be transferred by anyone other than the State unless the seizure and forfeiture is declared by the court to be a nullity. Iowa Code § 809.6. Here, the State lawfully possesses the firearms pursuant to a validly executed search warrant. The firearms are forfeitable property. *See* Iowa Code § 809.1(2)(a).

However, the district court erred in concluding that Ludtke's application for return of seized property was untimely and in concluding that Ludtke thus abandoned the property. The notice of seizure that Ludtke received was based on a repealed forfeiture statute. *See* Iowa Code ch. 809 (1985) (repealed, 1985 Iowa Acts ch. 201, § 22). Under the controlling statute, notice of seizure merely informs the person from whom the property was seized of the name of the person taking custody of the seized property, the date and time of the seizure, the identity of the law enforcement agency seizing the property, and the description of the items seized. Iowa Code § 809.2 (1987).

The legislature clearly intended to change prior law requiring the clerk of court to notify every possible owner or lienholder, as well as the office of the attorney general, following every seizure. *See* Iowa Code § 809.2 (1985) (repealed, 1985 Iowa Acts ch. 201, § 22); Iowa Code § 809A.3 (Supp.1985) (repealed, 1986 Iowa Acts ch. 1140, § 19). The legislature intended to eliminate the provision for automatic termination of property interests in the seizure hearing. *See* Iowa Code § 809A.3(1), (4) (Supp.1985) (repealed, 1986 Iowa Acts ch. 1140, § 19). These amendments eliminate needless expense and inconvenience in those situations where the State holds seized property as evidence with no intent to forfeit the owner's interests at the conclusion of the case.

Consequently, the legislature did not intend that a notice of seizure would trigger abandonment or establish a time within which claims must be filed. Instead, notice of release or notice of forfeiture is necessary to establish a time within which claims must be filed. *See* Iowa Code §§ 809.5(1), 809.9. Here, the notice received by Ludtke cannot be construed as a notice of release of property no longer needed by the State. *See* Iowa Code § 809.5(1). Nor may the notice be construed as a notice of forfeiture. *See* Iowa Code § 809.8(1). Because the State failed to give proper notice, Ludtke's application was timely.

The State failed to extinguish Ludtke's ownership interest in the property. The State gave neither notice of release nor notice of forfeiture. However, the State argues that no forfeiture notice is needed when the property seized may not legally be possessed. Iowa Code § 809.6.

Iowa Code section 809.6 provides in part, "[p]roperty which may not legally be possessed is forfeited to the state by its seizure without further filing of a notice of forfeiture." This statutory provision essentially embodies and codifies the defini-

tion of "contraband per se" contained in existing case law. We have recognized that certain property, the possession of which is illegal, is contraband per se, *e.g.,* heroin and other illegally controlled substances, moonshine and sawed-off shotguns. *In re Property Seized on January 31, 1983,* 362 N.W.2d 565, 568 (Iowa 1985). *See also State v. Merchandise Seized,* 225 N.W.2d 921, 924–25 (Iowa 1975). Contraband per se may not legally be possessed, and no valid ownership interest may exist in such property. Since no ownership interest may exist in such property, no forfeiture proceedings are necessary. *Merchandise Seized,* 225 N.W.2d at 925.

 We believe the firearms in this case are not contraband per se and were not automatically forfeited to the State by seizure. These firearms generally are lawful to possess. They are not illegal and are not offensive weapons as defined by Iowa Code section 724.1. Rather, the firearms are by nature "derivative contraband"—property innocent in itself and generally lawful to possess but which may become contraband by its illegal use. *See In re Property Seized,* 362 N.W.2d at 568; *State v. McGraw,* 191 Iowa 1090, 1094–95, 183 N.W. 593, 595 (1921). *See also United States v. Bowdach,* 414 F.Supp. 1346, 1353 (S.D.Fla.1976) (shotgun possessed by convicted felon); *State v. Bryant,* 250 So.2d 344, 346 (Fla.App.1971) (pistol possessed by convicted felon).

█ The State lawfully possesses the firearms owned by Ludtke. However, the State has not acquired ownership of the firearms through either the abandonment of seized property or by a forfeiture proceeding. The State's failure to file a timely claim for forfeiture terminates the State's right to claim a forfeiture of the forfeitable property. Iowa Code § 809.8(2). Therefore, the State must hold the firearms until they can be returned to a person who demonstrates a right to possession or until the property has been deemed abandoned and ownership established in the seizing agency. The district court continues to have jurisdiction to enter appropriate orders. *See* Iowa Code § 809.5.

We affirm the trial court's ruling that the firearms not be returned to Ludtke. We reverse the ruling that the firearms had been abandoned and the State could dispose of them. We remand for further proceedings consistent with our opinion.

II. *The Crossbow, Pellet Rifle, and Brown Wooden Box.*

█ The district court improperly denied Ludtke's application for return of the crossbow, pellet rifle, and brown wooden box. For the reasons set forth in the preceding section, we hold that Ludtke did not abandon these items. Because the possession of these items by the claimant is not prohibited by law, Ludtke was entitled to their return. Iowa Code § 809.5(2).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.