Stephanie L. FOSTER, Plaintiff,

v.

CITY OF COUNCIL BLUFFS, et
al., Defendants.

No. 89-1388.

Supreme Court of Iowa.

May 23, 1990.

Philip M. Kneifl, Omaha, Neb., Chris M.
Arps, Papillion, Neb., and William F.
McGinn, Council Bluffs, for plaintiff.

Tim B. Streff, of Wintroub, Rinden,
Okun & Sens, Omaha, for defendants.

Thomas J. Miller, Atty. Gen., John R.
Perkins, Deputy Atty. Gen., and Robin G.
Formaker, Asst. Atty. Gen., for amicus cu-
riae State of Iowa.

Considered by LARSON, P.J., and
LAVORATO, NEUMAN, SNELL and
ANDREASEN, JJ.

ANDREASEN, Justice.

Pursuant to Iowa Code chapter 684A
(1989), William C. Stuart, Judge of the
United States District Court for the South-
ern District of Iowa, has certified to us a
question of law. The statement of relevant
facts in the order of certification shows the
city of Council Bluffs, in repairing a "boil"
in the traveled portion of Avenue G, dug an
excavation across the westbound lane and
into the eastbound lane. The excavation
lay ten inches deep and ran about eighteen
feet north and south and about twenty-one
feet east and west. When the work day
was completed a lighted barricade was
placed in front of the excavation. At ap-
proximately 2:00 a.m. when plaintiff was
driving home from work in a westerly di-
rection on Avenue G, she drove her car into
the excavation and was seriously injured.
At that time there were no barricades in
place and no other sign or device to warn
the traveling public of the excavation. The
barricades were later found in a yard near
the excavation.

Plaintiff brought an action against the
city of Council Bluffs alleging that Avenue
G was in a defective condition and the city
"failed to warn this plaintiff of such de-
fects and that the defects and design, con-
struction and maintenance of this road
were the proximate cause of the collision."

Defendant filed a motion in limine to
prevent plaintiff "from offering expert tes-
timony or other evidence as to the city's
failure to place, erect or install traffic con-
trol devices or other regulatory signs on
the approach to the excavation" on the
ground that the city was immune from
liability for such failure under Iowa Code
section 668.10(1), which provides, in part:

In any action brought pursuant to this chapter, the state or a municipality shall not be assigned a percentage of fault for any of the following:

1. The failure to place, erect, or install a stop sign, traffic control device, or other regulatory sign as defined in the uniform manual for traffic control devices adopted pursuant to section 321.252. However, once a regulatory device has been placed, created or installed, the state or municipality may be assigned a percentage of fault for its failure to maintain the device.

Defendant thereafter filed a motion for partial summary judgment based on the immunity from liability contained in section 668.10(1). Plaintiff contends, among other things, that the placing of barricades at the close of the work day was not sufficient warning to the traveling public, and she intends to offer expert testimony to that effect.

The certified question inquires:

Does the immunity granted by section 668.10(1) apply when the municipality has created a dangerous condition in the traveled portion of a roadway while engaged in its construction or repair?

When addressing a certified question, we restrict our answer to the facts provided with the certified question. *See, e.g., Mulcahy v. Eli Lilly & Co.*, 386 N.W.2d 67, 70 (Iowa 1986). Because the certified question entails the applicability of a statute, our ultimate goal is to ascertain and give effect to the intention of the legislature. *State v. Ludtke*, 446 N.W.2d 797, 798 (Iowa 1989). In determining legislative intent, we consider the language of the statute and the objects sought to be accomplished. *Id.*

The language of the statute contains no exceptions for situations where the municipality has created a dangerous condition in the roadway while constructing or repairing it. The governmental exemption contained in section 668.10(1) applies in any action brought under the Iowa Comparative Fault Act. The exemption immunizes the State and municipalities from tort liability based upon the failure to place, erect or

install traffic control devices. Traffic control devices include any device used to warn, guide, or regulate traffic. *See* Iowa Code § 321.253. The governmental exemption is more than a procedural statute. We have construed the scope of the governmental exclusion to include claims based upon a failure to install or properly locate traffic signs. *See Saunders v. Dallas County*, 420 N.W.2d 468, 472 (Iowa 1988).

We recognize it may be anomalous to insulate a municipality from liability for not posting an adequate warning sign at a known place of danger while permitting fault to be assigned to it for failing to maintain an already-posted sign where there may be little risk to motorists. *See Metier v. Cooper Transp. Co.*, 378 N.W.2d 907, 913 (Iowa 1985). However, the statute represents a legislative policy decision over which we have no control under our system of separation of powers. *See id.*

The object sought to be accomplished is clear. We have stated that section 668.10(1) "can only be viewed as a continuation of a discernible current trend to make individual citizens bear the sole burden of the negligence of State employees." *Saunders*, 420 N.W.2d at 471–72; *Metier*, 378 N.W.2d at 913.

Accordingly, the certified question of law must be answered in the affirmative. The statute applies even when the municipality itself creates a dangerous condition in the traveled portion of a roadway while engaged in its construction or repair. In such situations, the municipality may not be assigned a percentage of fault for the failure to place, erect or install a sign or traffic control device. Iowa Code § 668.10(1).

The next logical questions are whether and to what extent section 668.10(1) immunizes the city of Council Bluffs from liability under the circumstances of this case. There are duties other than the duty to warn which the city may have breached. *See, e.g.,* Iowa Code § 364.12(2) (duty to keep public streets open, in repair, and free from nuisance); Iowa Code § 668.10(1) (duty to maintain a device); *Ehlinger v. State*, 237 N.W.2d 784, 788–89 (Iowa 1976)

(posting a "bump" sign did not excuse duty to repair); *Engman v. City of Des Moines,* 255 Iowa 1039, 1042–44, 125 N.W.2d 235, 237–38 (1963) (duty of city to keep street free from hazardous conditions). However, these questions are not posed by the order of certification, and we express no opinion as to these matters.

We have considered all the propositions and arguments of counsel and conclude the certified question must be answered in the affirmative.

CERTIFIED QUESTION ANSWERED.

All Justices concur except LARSON, J., who dissents.

LARSON, Justice (dissenting).

Iowa Code section 668.10(1) immunizes a municipality from liability for failure to place warning signs as required by the *Uniform Manual for Traffic Control Devices.* Signs covered by the manual would include those necessary to warn against hazards incident to travel on permanent structures, obvious examples being stop signs, curve signs and narrow bridge signs. I do not believe that section 668.10(1) was intended to immunize a municipality from liability for failure to warn of a hazard created by the municipality itself in connection with a temporary construction project.