**ESTATE OF Judith Irene OSWALD,**
**Plaintiff–Appellant,**

v.

**DUBUQUE COUNTY, Iowa,**
**Defendant–Appellee.**

**John A. OSWALD, As Administrator of**
**the Estate of Leroy Emil Oswald,**
**Deceased, Plaintiff–Appellant,**

v.

**DUBUQUE COUNTY, Iowa,**
**Defendant–Appellee.**

**No. 93–298.**

Court of Appeals of Iowa.

Nov. 29, 1993.

Charles H. Jacobs, Dubuque, and Brian W. Peters of Healey & Peters, Dubuque, for appellant Judith Oswald Estate.

Robert L. Day, Jr., Dubuque, for appellant Leroy Oswald Estate.

Angela C. Simon and David L. Hammer of Hammer, Simon & Jensen, Dubuque, for appellee.

Heard by SCHLEGEL, P.J., HABHAB, J., and PERKINS, S.J.*

SCHLEGEL, Presiding Judge.

In this consolidated appeal seeking damages for personal injury and resulting death, the plaintiff estates of Judith and LeRoy Oswald appeal the district court's judgment granting defendant Dubuque County's motion for summary judgment. The plaintiffs contend the district court erred in: (1) treating the county's motion as a supported motion for summary judgment; (2) finding that the facts were insufficient to support a theory of recovery; and (3) ruling that evidence supplied after the ruling on summary judgment could not be considered.

On September 11, 1991, employees of Dubuque County were repairing a bridge on Massey Marina Drive. Around noon that day, the employees had removed the steel decking and beams which formed the road surface on the bridge. Between noon and one o'clock, the employees were directed to activities away from the bridge site. During this time period Leroy and Judith Oswald were traveling on Massey Marina Drive; they drove up the bridge ramp and fell through the space where the decking had been removed. The Oswalds' vehicle hit the ground beneath the bridge with its front bumper and flipped over on its top, coming to rest in a small stream. Both Leroy and Judith drowned.

According to the sheriff's report, the Oswald vehicle was traveling less than five miles per hour when the car fell through the bridge. The sheriff also determined there was no alcohol in the Oswalds' blood, and that both were wearing seat belts at the time of the accident. The report also noted that at the time of the accident, an orange barrier fence which had been across the approach to the bridge had been moved to one side. A sign which stated "Road Closed" had also been removed to the side of the road.

On January 2, 1992, the estates of Judith and Leroy Oswald filed a petition at law seeking damages from Dubuque County for their injuries and deaths. These cases were consolidated on April 10, 1992. On December 16, 1992, Dubuque County filed a motion for summary judgment based on the premise that it was immune to suit for failure to erect signs pursuant to Iowa Code section 668.10 (1991). On January 21, 1993, the district court granted the motion for summary judgment on all issues. The estate of Judith Oswald thereafter filed a rule 179(b) motion, which the district court subsequently denied. The estates of Leroy and Judith Oswald filed a joint notice of appeal. We reverse and remand.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). Summary judgment is appropriate only if there exists no genuine issue of material fact. *Id.* The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin to a directed verdict,

---

* Senior judge from the 5th judicial district serving on this court by order of the Iowa Supreme Court.

and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne,* 424 N.W.2d at 423.

However, the nonmoving party may not simply rest on its pleadings and allegations once a motion for summary judgment is filed.

When a motion for summary judgment is made and supported as provided in [Iowa R.Civ.P. 237], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Iowa R.Civ.P. 237(e).

The defendant/appellee, Dubuque County, argues the plaintiffs failed to support their resistance to the motion for summary judgment with specific facts and failed to file any supporting affidavits or to request the opportunity to present oral testimony. The district court noted the plaintiffs' resistance set forth a statement of disputed facts and a memorandum of authorities supporting the resistance as required by Iowa Rule of Civil Procedure 237(c). The district court, in support of its decision to grant defendant's motion for summary judgment, further noted:

Plaintiffs have not filed any affidavits, any reference to depositions or interrogatories in support of its Resistance, and did not ask to present oral testimony. Answers by Mr. Oswald's estate to Interrogatories do not help.

In determining whether a genuine issue exists as to any material fact and whether the moving party is entitled to a judgment as a matter of law, the court must consider the entire record. *See* Iowa R.Civ.P. 237(c); *Sandbulte v. Farm Bureau Mut. Ins. Co.,* 343 N.W.2d 457, 464 (Iowa 1984). When considering all of the pleadings and discovery responses contained in the record at the time

the plaintiff's resistance was being considered, the district court specifically stated in its ruling on the motion for summary judgment:

Photographs attached to the answers by Defendant to interrogatories indicate a "ROAD CLOSED" sign was on the barricade. There is a considerable difference between this and a "BRIDGE OUT" sign. . . . The Road Closed sign in this case would have been misleading—had it been in place. The language on the sign is academic, however, because it was not in place; and therefore, the choice of words did not mislead Plaintiffs' decedents and contribute to the accident.

\*　　\*　　\*　　\*　　\*　　\*

The only facts the Court can recognize are the photographs of the bridge and bridge scene attached to Answers by Defendant to interrogatories. The Court cannot determine when the photographs were taken. The record, when viewed in the light most favorable to Plaintiffs, indicates the barricade and warning sign were gone at the time of the accident.

These determinations by the district court, standing alone, support the conclusion that genuine issues of material fact exist in the instant case. In one breath the district court states that it cannot determine when the photographs of the bridge and bridge scene were taken which show a "Road Closed" sign located on the barricade. In the next breath, the district court concludes the sign was not in place at the time of the accident. Similarly, the district court concludes that the "Road Closed" sign was misleading. These excerpts from the district court's ruling undeniably illustrate that the district court itself made determinations about disputed facts which should be left for the fact finder's determination (i.e. whether the sign was visible and misleading to the driver of the vehicle).

Having afforded the plaintiffs every legitimate inference that could be reasonably deduced from the evidence contained in the record at the time the district court considered defendant's motion for summary judgment, we conclude genuine issues of material

fact exist regarding the following questions: (1) whether or not the "Road Closed" sign was present at the scene at the time of the accident; and (2) whether the "Road Closed" sign, if present at the scene at the time of the accident, was misleading. A fact issue question has been generated with regard to both of these questions about which reasonable minds could differ.

■ The district court went on to conclude that the defendant was entitled to summary judgment as a matter of law regardless of the answers to these factual disputes, citing Iowa Code section 668.10(1) and *Foster v. City of Council Bluffs*, 456 N.W.2d 1 (Iowa 1990). The district court's conclusion of law in this regard is without merit. Iowa Code section 668.10(1) states:

> In any action brought pursuant to this chapter, the state or a municipality shall not be assigned a percentage of fault for any of the following:
>
> 1. The failure to place, erect, or install a stop sign, traffic control device, or other regulatory sign as defined in the uniform manual for traffic control devices adopted pursuant to section 321.252. *However, once a regulatory device has been placed, created or installed, the state or municipality may be assigned a percentage of fault for its failure to maintain the device.*

(Emphasis added.)

In *Foster* the supreme court considered the following certified question of law, posed by the United States District Court for the Southern District of Iowa pursuant to Iowa Code chapter 684A (1989):

> Does the immunity granted by section 668.10(1) apply when the municipality has created a dangerous condition in the traveled portion of a roadway while engaged in its construction or repair?

*Foster*, 456 N.W.2d at 2.

After answering this certified question of law in the affirmative, the supreme court stated:

> The next logical questions are whether and to what extent section 668.10(1) immunizes the city of Council Bluffs from liability under the circumstances of this case. *There are duties other than the duty to warn which the city may have breached. See, e.g. ... Iowa Code section 668.10(1) (duty to maintain a device)[.]*
>
> *... However, these questions are not posed by the order of certification, and we express no opinion as to these matters.*

(Emphasis added.) *Id.* at 2–3. As the emphasized portions of the above excerpt indicate, the supreme court specifically declined to address the very question which arises in the present case. Accordingly, we cannot say the plaintiffs' estates are precluded as a matter of law from asserting that Dubuque County is liable for injuries and deaths suffered as a result of the county's failure to maintain safety barricades and warning signs after installing such devices.

The *Foster* court itself recognized:

> [I]t may be anomalous to insulate a municipality from liability for not posting an adequate warning sign at a known place of danger while permitting fault to be assigned to it for failing to maintain an already-posted sign where there may be little risk to motorists. *See Metier v. Cooper Transp. Co.*, 378 N.W.2d 907, 913 (Iowa 1985). However, the statute represents a legislative policy decision over which we have no control under our system of separation of powers.

*Id.*, 456 N.W.2d at 2.

In addition, it should be noted that the plaintiffs' estates assert three other theories of recovery besides failure to maintain safety barricades and warning signs after installing such devices. These other theories include: (1) use of a dangerously misleading sign; (2) failure to provide human supervision of the dangerous condition created where ordinary care would require such supervision; and (3) breach of the statutory duty to maintain the roadway by creating an imminent danger on a public roadway and leaving the site unsupervised and unmarked.

■ These theories coincide with certain exceptions to the immunity otherwise granted by Iowa Code section 668.10(1). As properly pointed out in the estates' brief, three exceptions to the immunity granted by Iowa Code section 668.10(1) are generally thought to exist. The first exception is provided in

the second sentence of the statute itself—as discussed above—which creates an exception for failure to maintain a device. The second exception arises if a misleading sign has been installed. *See Saunders v. Dallas County,* 420 N.W.2d 468 (Iowa 1988); *Hershberger v. Buena Vista County,* 391 N.W.2d 217 (Iowa 1986).

A third exception is noted in *Hershberger,* 391 N.W.2d at 220, where the court states: "A state of facts might be envisioned, however, in which the exigencies are such that ordinary care would require the state or municipality to warn of dangerous conditions by other than inanimate devices. Such a situation would not fall within the scope of section 668.10(1)."

For the reasons discussed in this opinion, the district court's judgment granting defendant Dubuque County's motion for summary judgment is reversed.

**REVERSED AND REMANDED.**

PERKINS, S.J., concurs.

HABHAB, J., dissents.

DONIELSON, J., takes no part.

HABHAB, Judge (dissenting).

I respectfully dissent. I would affirm the trial court.

This is indeed a tragic case. I have profound sympathy for the appellants. But, from the record before us, I believe the summary judgment test was met when it was established that there were no genuine issues of material fact.