Duane S. HANSEN, Administrator of the Estate of Laura L. Hansen, Deceased; Duane S. Hansen; Jeffrey J. Hansen, and Julie A. Hansen, Appellants,

v.

STATE of Iowa and Town of Arnolds Park, Iowa, Appellees.

No. 94–165.

Supreme Court of Iowa.

March 29, 1995.

David J. Grace of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, and David A. Scott of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellants.

Thomas J. Miller, Atty. Gen., and Robin G. Formaker and Richard E. Mull, Asst. Attys. Gen., for appellee State of Iowa.

Lee H. Gaudineer of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, and Harold W. White of Fitzgibbons Brothers, Estherville, for appellee Town of Arnolds Park.

Considered by HARRIS, LARSON, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

The trial court held that governmental entities are not liable for their negligence so long as they comply with established state policy. Because compliance with the policy was established, summary judgments were entered in this wrongful death suit. We affirm.

Laura L. Hansen, plaintiffs' decedent,[1] was killed as a result of an accident on U.S. highway 71 within the town of Arnolds Park. The accident occurred at 9:25 a.m. December 28, 1989, at a time, plaintiffs allege, the highway was icy. The highway at this point is considered a municipal extension of a primary road, and is under concurrent state and city jurisdiction pursuant to Iowa Code section 306.4(3) (1995). In accordance with this statute, the town and State contracted for removal of ice and snow from roadways.

The State had a policy for removal of existing ice and snow which provided as follows:

I. Treat heavy frost on roadways and freezing rain within 4 hours after the Department has actual notice of the condition. . . .

II. Treat or plow isolated frost, ice, and snow on pavement surfaces within 12 hours after the Department has actual notice of the condition.

The record is clear that by the time of the accident the State, according to Iowa Code section 668.10(2),[2] still had fifty minutes dur-

---

1. Plaintiffs include decedent's administrator and her family. For simplicity they will be referred to collectively as the Hansens.

2. Iowa Code § 668.10(2) states in pertinent part: [T]he state or a municipality shall not be assigned a percentage of fault for ... [t]he failure to remove natural or unnatural accumulations of snow or ice, or to place sand, salt, or other abrasive material on a highway, road, or street if the state or municipality establishes that it has complied with its policy or level of service for snow and ice removal or placing sand, salt or other abrasive material on its highways, roads, or streets.

ing which to treat the roadways. This is because the four-hour time limit set out by the policy had not yet expired.

In this suit for Laura Hansen's death, both the State and Arnolds Park moved for summary judgment on the claim they had complied with policy provisions regarding removal of snow and ice, and this was sufficient to immunize them from liability. The trial court sustained both motions and the matter is before us on appeal from those rulings.

█ I. Pursuant to Iowa rule of appellate procedure 4 we review the granting of summary judgment for errors of law. In doing so we determine whether: (1) a genuine issue of material fact exists; and (2) the law was correctly applied. *Ottumwa Hous. Auth. v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993). We review the record in the light most favorable to the party opposing summary judgment. *Downs v. A & H Constr. Ltd.*, 481 N.W.2d 520, 522 (Iowa 1992). Summary judgment is proper if, "under the entire record, the only conflict concerns the legal consequences flowing from undisputed facts." *Hernandez v. Farmers Ins. Co.*, 460 N.W.2d 842, 843 (Iowa 1990) (citing *Brown v. Monticello State Bank*, 360 N.W.2d 81, 84 (Iowa 1984)). *See also* Iowa R.Civ.P. 237(c).

II. In granting the State's motion for summary judgment, the trial court observed:

Even if the highway in question was not treated as claimed by the defendant State of Iowa, the Iowa department of transportation's policy regarding snow and ice removal operations provided fifty additional minutes after the collision occurred to treat the icy condition of the highway in question. It is clear that the defendant State of Iowa had a policy for the removal of accumulations of snow or ice on a high-

way pursuant to the provisions of section 668.10(2) of the Iowa Code and was in compliance therewith, thereby bestowing immunity upon the defendant State of Iowa from the claims of the plaintiffs.

The Hansens, citing Restatement (Second) of Torts section 324A,[3] argue that, even if the State did undertake to treat the highway pursuant to its policy, it did so gratuitously and should have recognized it was doing so to benefit third persons.

We visited the statutory immunity granted by companion Code section 668.10(1) (immunity regarding installation of traffic devices) in *Phillips v. City of Waukee*, 467 N.W.2d 218 (Iowa 1991), pointing out that "[a]ny possible liability for the [governmental entities] ... has been severely restricted by statute." *Id.* at 219. We earlier visited section 668.10(1) in *Foster v. City of Council Bluffs*, 456 N.W.2d 1 (Iowa 1990), noting it "can only be viewed as a continuation of a discernible current trend to make individual citizens bear the sole burden of the negligence of state employees." *Id.* at 2.

█ We think the broad scope of the immunities granted by section 668.10(1) and section 668.10(2) are the same. The language in subsection two is straightforward. If procedures adopted for snow and ice removal are followed, the governmental entity is exempt from tort liability regarding those practices. The State did comply with its policy and is immune as a matter of law. The trial court was correct in so holding.

█ III. The Hansens argue that Arnolds Park cannot claim immunity because it did not, at least as contemplated by section 668.10(2), have in effect a "policy" for the removal of ice and snow. As mentioned, the highway at the point was under joint jurisdiction of the state and the town.[4] The State and Arnolds Park entered into an agreement

**3.** Restatement (Second) of Torts § 324A provides that

[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person ... is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking....

**4.** Pursuant to Iowa Code § 306.4(3), which provides:

Jurisdiction and control over the municipal street system shall be vested in the governing bodies of each municipality; except that the department and the municipal governing body shall exercise concurrent jurisdiction over the municipal extensions of primary roads in all municipalities. When concurrent jurisdiction is exercised, the department shall consult with the municipal governing body as to the kind and type of construction, reconstruction, repair, and maintenance and the two parties

that provided the Iowa department of transportation would be responsible for maintenance of highway 71

> through the city of Arnolds Park, Iowa, from the face of the curb to the face of the curb. The State of Iowa, under agreement, is responsible to remove natural or unnatural accumulations of snow or ice, or to place sand, salt, or other abrasive material on U.S. Highway 71 as it passes through the City of Arnolds Park, Iowa, in accordance with the department's policy level of service.

Although the Hansens contend otherwise, we agree with the trial court that the town's action in entering the agreement amounted to a "policy" for the removal of ice and snow on the highway. We do not think the legislature intended for a municipality to waive its section 668.10(2) immunity in situations when, in sharing control with the State, it is agreed that the State attend the removal in accordance with state policy.

The Hansens separately argue that Arnolds Park had a nondelegable duty to clear ice and snow from the highway under our holding in *Smith v. City of Algona*, 232 Iowa 362, 5 N.W.2d 625 (1942). As the town points out, *Smith* was decided at a time when highway extensions were not a part of the primary road system, and the state highway commission (predecessor to the department of transportation) had no jurisdiction over them. The department of transportation now has jurisdiction over primary highway extensions within a city under Iowa Code section 306.4(3). *See* 1974 Iowa Acts ch. 1177 § 5. Our holding in *Smith*, based on former statutory law, is therefore inapplicable.

Arnolds Park was authorized to enter its agreement with the State and rely on the State to conform with state policy for snow and ice removal. The immunity granted by Iowa Code section 668.10(2) was properly applied to both the State and to Arnolds Park.

**AFFIRMED.**

shall enter into agreements with each other as to the division of costs thereof.