Richard J. COLLISTER, Peggy Collister
and State Farm Insurance Co.,
Appellees,

v.

CITY OF COUNCIL BLUFFS, Iowa, and
Michael Johnson, Appellants.

No. 94–538.

Supreme Court of Iowa.

July 19, 1995.

Robert L. O'Brien, Asst. City Atty., Council Bluffs, for appellants.

Robert V. Rodenburg, Council Bluffs, for appellee Richard J. Collister.

David J. McCann of Dippel & McCann, P.C., Council Bluffs, for appellees State Farm Ins. Co. and Peggy Collister.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

A disabled street sweeper owned by the appellant, City of Council Bluffs, was struck by a vehicle driven by appellee, Richard Collister, and owned by appellee, Peggy Collister. The Collisters and their insurer, appellee, State Farm Insurance Co., brought suit for damages. The jury found the city and the driver of the street sweeper, appellant, Michael Johnson, at fault. The defendants claim on appeal that the district court erred in instructing the jury on the duties owed by them to the Collisters. Finding no reversible error, we affirm.

### I. Background Facts and Proceedings.

In the early morning hours of March 20, 1991, a hit-and-run driver struck and disabled a city street sweeper in the westbound lane of Highway 6. The driver of the street sweeper, Michael Johnson, left the vehicle on the highway just beyond the crest of a hill on a viaduct in Council Bluffs. About ten minutes later, a car driven by Richard Collister struck the rear of the abandoned street sweeper. Richard and a passenger in his vehicle, Elizabeth Martin, were injured. The car, owned by Peggy Collister, was damaged. State Farm insured the Collister vehicle and made payments under its policy to Martin and Peggy.

State Farm, as subrogee of Martin and Peggy, and the Collisters brought suit against the city and Johnson. The case was tried to a jury. The jury returned a verdict finding the defendants seventy percent at fault and Richard thirty percent at fault. The district court entered judgment against the defendants and in favor of State Farm and the Collisters. (During the remainder of

this opinion, we refer to the defendants jointly as the city.)

The city appealed, alleging two errors in the trial court's instructions to the jury. The city argues that the court erred by instructing the jury that the city could be found negligent for (1) "failing to take any action to warn approaching traffic" and (2) "failing to take appropriate action to provide roadway lighting which is up to current design standards." [1]

### II. Standard of Review.

 We review jury instructions to decide if they are a correct statement of the law and are supported by substantial evidence. *Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 324 (Iowa 1992). We consider only the objections to the instructions that were properly raised in the district court proceedings. *Shepherd Components v. Brice Petrides–Donohue & Assocs., Inc.*, 473 N.W.2d 612, 618 (Iowa 1991).

### III. Duty to Warn.

██ A. *Preservation of error.* The plaintiffs introduced evidence at trial that none of the lights on the street sweeper were on at the time of the second accident and that the city took no other action to warn of the presence of the street sweeper. The trial court instructed the jury that the city was negligent if it "abandon[ed] a vehicle on the traveled portion of the roadway and fail[ed] to take any action to warn approaching traffic."

The city objected to this instruction claiming that "there is no such liability upon the City for failing to warn the traveling public of anything." It cited to Iowa Code section 668.10(1) (1991) and our decision in *Foster v. City of Council Bluffs*, 456 N.W.2d 1 (Iowa 1991), claiming that it was immune from liability for failing to warn. The city requested that the jury be instructed not to assign fault to the city "for failure to warn the Plaintiff of any hazards or dangers, even

---

1. Richard filed a cross-appeal arguing that the court erred in refusing his request to allow a newly-discovered witness to testify at trial. In the event that the judgment is reversed, Richard

asks that we also reverse this ruling so that this witness may testify at any retrial. Because we do not reverse the judgment, we need not consider Richard's cross-appeal.

if the hazards or dangers are created by the City."

Richard contends that the city's objection was not specific enough to preserve error. We disagree. The city claimed at trial that it had absolutely no duty to warn of the disabled vehicle—the same argument it makes on appeal. Therefore, we will address the merits of this argument.

■ B. *Duty of city as operator of motor vehicle.* We begin our analysis with the proposition that the operator of a vehicle owned by a municipality has the same responsibility to observe the rules of the road as does any other driver. *Cf. Rush v. Sioux City,* 240 N.W.2d 431, 442 (Iowa 1976) (police officer who was not on an emergency assignment could be found negligent for violating the statutory law of the road). As the Collisters point out, Iowa Code section 321.395 requires all vehicles parked on a road outside of a business district to be equipped with specified parking lights visible from 500 feet to the front and 500 feet to the rear. In the event an accident renders the vehicle and its lights inoperable, the driver must erect a warning light at or near the vehicle at the earliest opportunity. Iowa Code § 321.396 (1991). Clearly, the purpose of these statutes is to give other motorists warning of a vehicle parked upon the roadway. Consequently, the city had a duty to warn as set out in sections 321.395 and 321.396, unless this duty has been modified or eliminated by the legislature.[2]

■ The city apparently believes that the legislature immunized municipalities from any liability based on a failure to warn of a parked vehicle on the roadway by enacting Iowa Code section 668.10(1) (1991). Section 668.10(1) provides that a municipality shall not be assigned a percentage of fault for:

[t]he failure to place, erect, or install a stop sign, traffic control device, or other regulatory sign as defined in the uniform manual for traffic control devices adopted pursuant to section 321.252.

The city also relies on our decision in *Foster v. City of Council Bluffs,* 456 N.W.2d 1 (Iowa 1990). We think the city's reliance on section 668.10(1) and our *Foster* decision is misplaced.

In *Foster,* the City of Council Bluffs dug a hole in a city street to make repairs. *Foster,* 456 N.W.2d at 1. When the city workers left for the day, they placed a lighted barricade in front of the excavation. *Id.* Later that night a motorist was injured when she drove into the unbarricaded excavation. *Id.* In a subsequent suit brought by the injured party, the city claimed that it had no liability for any negligence in warning the plaintiff of the excavation. *Id.* We held that section 668.10(1) granted the city immunity. *Id.* at 2. We stated, "The exemption immunizes the State and municipalities from tort liability based upon the failure to place, erect or install traffic control devices." *Id.*

Section 668.10(1) does not apply here because the claimed negligence is not based on the city's alleged failure to erect "a stop sign, traffic control device, or other regulatory sign as defined in the uniform manual for traffic control devices." *See* Iowa Code § 668.10(1) (1991). Clearly the liability sought to be imposed on the city here was not based on its failure to erect a stop sign.

Nor was the allegation of negligence based on the city's failure to place a "traffic control device." Chapter 321 defines the term "official traffic-control device" to include "all signs, signals, markings, and devices not inconsistent with this chapter placed or erected *by authority of a public body or official having jurisdiction,* for the purpose of regu-

2. The court's instruction here was arguably broader than the duty set forth in sections 321.395 and 321.396. The court told the jury that the city could be negligent for "failing to take any action to warn approaching traffic," whereas sections 321.395 and 321.396 merely require an abandoned vehicle to display certain types of parking lamps or warning lights. *See generally* I Iowa Civ. Jury Instructions 600.85 (1986). We express no opinion on the correctness of the trial court's description of the city's duty to warn because the city did not object to the way in which the duty was described. Rather, the city took an all-or-nothing stance that there was no duty to warn at all because it was immune. Consequently, we decide only the issue raised by the city's objection. *Shepherd Components,* 473 N.W.2d at 618; *Spechtenhauser v. City of Dubuque,* 391 N.W.2d 213, 216 (Iowa 1986).

lating, warning, or guiding traffic." Iowa Code § 321.1(62) (1991) (emphasis added). We have interpreted the term "traffic control device" as used in section 668.10(1) to have the same meaning. *Metier v. Cooper Transport Co.*, 378 N.W.2d 907, 913 (Iowa 1985). The parking lights which were allegedly not activated on the street sweeper do not fall within this definition. The use of such lights by the driver of the street sweeper would arise from his status as the operator of a motor vehicle, not "by authority of a public body or official having jurisdiction."

Finally, we conclude that the city was not charged with negligence in failing to erect "a regulatory sign as defined in the uniform traffic manual for traffic control." A regulatory sign is "an object that has words or symbols inscribed on its surface which instruct the public to observe a traffic regulation or ordinance." *Prell v. Wood,* 386 N.W.2d 89, 92 (Iowa 1986). The warning anticipated here was not meant to direct other motorists to comply with a traffic regulation or ordinance.

In summary, the city has no immunity under section 668.10(1) for its negligent failure to warn of its parked street sweeper. The operators of city vehicles must observe the rules of the road. The trial court was correct in so ruling.

IV. *Duty to Provide Proper Roadway Lighting.*

The court instructed the jury that the city had a duty "to take appropriate action to provide roadway lighting which is up to current design standards." The city objected, claiming that its duty was "to maintain the roadway lighting at the level of service established by the City." The city relied on Iowa Code section 670.4(7) and (8) which makes the city immune from liability for the design of roads and public improvements under certain conditions. The trial court overruled the city's objection, presumably because the court's instructions embodied the very concept that the city wanted. Instruction 29 stated, "If the City proves it has complied with its policy or level of service for maintenance of the lighting on the viaduct, your verdict will be for the City on this issue."

We do not approve the instructions given by the court with respect to the city's duty in the design of the lighting on the viaduct. Section 670.4 immunizes a municipality from liability if the road or public improvement "was constructed or reconstructed in accordance with a generally recognized engineering or safety standard, criteria, or design theory in existence at the time of the construction or reconstruction." Iowa Code § 670.4(7), (8) (1991). The policy of the city with respect to the design of a road or public improvement is not the proper focus.

Although we disapprove of the instructions in this case, any error is not reversible. First, the city did not object to the court's instructions because they focused on current design standards rather than on the design standards in effect at the time the lighting was erected. The city's only objection was that its duty was limited to complying with its own policy and level of service, a concept it incorrectly thought was not incorporated in the court's instructions.

Second, the instructions given by the court were actually more favorable to the city than instructions consistent with section 670.4 would have been. Although the city was actually required to comply with "generally recognized" design standards, under the court's instructions it was only required to meet the less onerous standard it set for itself. We will reverse for error in giving an instruction only when the error is prejudicial. *Coker v. Abell–Howe Co.,* 491 N.W.2d 143, 148 (Iowa 1992). The error here was not prejudicial to the city.

**APPEAL AFFIRMED; CROSS-AP- PEAL MOOTED.**