**Lois HUNT, As Administrator of the Estate of Diane Hunt a/k/a Diane Onuigbo, Deceased, Appellant**

v.

**STATE of Iowa, Appellee.**

No. 94–0929.

Court of Appeals of Iowa.

July 25, 1995.

Gregory R. Brown and Scott P. Duncan of Duncan, Green, Brown, Langeness & Eckley, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Robin G. Formaker and Richard E. Mull, Assistant Attorneys General, for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

This case involves an intersection near Marion where Iowa Highway 13 intersects with Linn County Road E–34, also known as County Home Road. In August 1991 the Iowa Department of Transportation studied this intersection. At that time drivers on the county road were required to stop at the intersection. There were stop signs, an overhead flashing beacon, and "Cross Traffic Does Not Stop" signs. Drivers on Highway 13 were not required to stop at the intersection.

On September 25, 1991, the DOT decided to install four-way stop traffic control signals at the intersection effective November 20, 1991. Special temporary signs were placed at the intersection which stated "4–WAY STOP TO BE INSTALLED ON NOV. 20, 1991".

On October 24, 1991, Diane Hunt was travelling on County Road E–34. She came to a stop at the intersection with Highway 13. She pulled out from the stop sign, and her automobile was struck in the driver's side door by a pickup truck driven by Jamie Hausseler. Diane suffered fatal injuries as a result of the collision.

Diane's mother, Lois Hunt, as administrator of Diane's estate, brought this action against the State alleging the State was negligent in failing to timely install four-way stop signs at the intersection after it had determined such signing was necessary. The estate also claimed the State was negligent in installing a regulatory sign not contained in the Manual for Uniform Traffic Control Devices (MUTCD).

The State filed a motion to dismiss for failure to state a claim for relief against the State in light of Iowa Code section 668.10(1). This section provides:

> In any action brought pursuant to this chapter, the state or a municipality shall not be assigned a percentage of fault for any of the following:
>
> 1. The failure to place, erect, or install a stop sign, traffic control device, or other regulatory sign as defined in the uniform manual for traffic control devices adopted pursuant to section 321.252. However, once a regulatory device has been placed, created or installed, the state or municipality may be assigned a percentage of fault for its failure to maintain the device.

The estate claimed the four-way stop at the intersection had been created when the DOT decided to install this regulatory device on September 25, 1991. The estate argued that because this regulatory device had been created before the date of the accident, the State could be assigned a percentage of fault for its failure to maintain the device by timely installing it.

The district court found the estate's interpretation of the word "create" in the statute to be tortured. The court determined the word referred to the creation of the traffic control device itself, rather than the creation of the idea to install a traffic control device. The court concluded State immunity was not waived until the time of actual physical creation or erection of the traffic control device. Here, the four-way stop had not been installed prior to the date of the accident, and thus, the State had not waived immunity. The court granted the motion to dismiss. The estate appealed.

A motion to dismiss is a waiver of any ambiguity or uncertainty in the pleadings. *Prouty v. Clayton County*, 264 N.W.2d 761, 763 (Iowa 1978). A motion to dismiss grounded on failure to state a cause of action is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted. *Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977). In making this determination the pleading should be construed in the light most favorable to the pleader. *Cutler v. Klass, Whicher & Mishne*, 473 N.W.2d 178, 181 (Iowa 1991).

Section 668.10(1) gives the State immunity from liability for decisions about whether or where to place traffic signs. *Saunders v. Dallas County*, 420 N.W.2d 468, 472 (Iowa 1988). Thus, a decision by the State whether or not to erect warning signs is a matter in which the statute has given the State immunity. *Sullivan v. Wickwire*, 476 N.W.2d 69, 73 (Iowa 1991). Also, a State decision about sign selection or placement are matters which section 668.10(1) clearly immunizes the State from tort liability. *Phillips v. City of Waukee*, 467 N.W.2d 218, 220 (Iowa 1991).

There are three exceptions to the immunity granted by section 668.10(1): (1) a claim for failure to maintain a device; (2) a claim for installation of a misleading sign; and (3) a claim under a state of facts in which the exigencies are such that ordinary care would require the State or municipality to warn of dangerous conditions by other than inanimate devices. *Estate of Oswald v. Dubuque County*, 511 N.W.2d 637, 640–41 (Iowa App.1993). Plaintiff has not set forth a claim under any one of these three exceptions.

The estate, in essence, is complaining that the State failed to install a four-way stop at the intersection in question before the accident. We believe the State's decision concerning when to install a sign falls within its discretion whether to install a sign at all. The supreme court has previously held that section 668.10(1) exempts from fault the State's failure to install any signs at a certain

location. *Saunders,* 420 N.W.2d at 472; *Metier v. Cooper Transport Co., Inc.,* 378 N.W.2d 907, 914 (Iowa 1985).

We conclude the State was immune from liability under the facts as plead in plaintiff's petition. We affirm the decision of the district court finding the case should be dismissed for failure to state a cause of action upon which relief could be granted. Costs of this appeal are assessed to plaintiff.

**AFFIRMED.**