Ronald P. SCHOBORG and Carol Schoborg, Plaintiffs,

v.

Matthew Boyd ANDERSON and East Central Iowa Council of Government, Defendants/Third–Party Plaintiffs–Appellants,

v.

The CITY OF CORALVILLE, Iowa, and the City of Iowa City, Iowa, Third–Party Defendants–Appellees.

No. 95–263.

Court of Appeals of Iowa.

March 27, 1996.

---

Patrick M. Roby and Christopher L. Bruns of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellants.

Terry J. Abernathy and JoAnne M. Lilledahl of Pickens, Barnes & Abernathy, Cedar Rapids, and Donald L. Diehl, Coralville, for appellee City of Coralville.

Anne G. Burnside and Sarah E. Holecek, City Attorney's Office, for appellee City of Iowa City.

Heard by SACKETT, P.J., and CADY and STREIT, JJ.

SACKETT, Presiding Judge.

This case involves an automobile accident occurring on an icy road in which plaintiff Ronald P. Schoborg was injured. Schoborg and his wife brought suit against defendants-appellants, the driver and owner of the other vehicle involved in the accident. Appellants then filed a third-party action against Coralville and Iowa City on the ground their failure to properly maintain the road was a cause of the accident. The district court granted the municipalities' motions for summary judgment under the immunity provisions of Iowa Code section 668.10(2) (1991). Defendants-appellants now appeal from this order.

The question in this appeal is whether the trial court was correct in entering summary judgment for the cities of Iowa City and Coralville [1] in an action seeking to establish their negligence as a cause of a December 21, 1991 motor vehicle accident on First Avenue, a boundary line between Iowa City and Coralville.

To affirm the granting of a motion for summary judgment, the evidence, when considered in the light most favorable to the nonmoving party, must show there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.*, 503 N.W.2d 596, 598 (Iowa 1993). A genuine issue of material fact exists if reasonable minds can differ on how the issue should be resolved. *In re Estate of Rockafellow v. Lihs*, 494 N.W.2d 734, 736 (Iowa App.1992).

The trial judge found the cities had immunity under Iowa Code section 668.10(2) (1991) if they followed their policy of snow and ice removal. The court found they had and no factual dispute existed showing they did not.

The question is whether there is a factual dispute defendant Coralville complied with its policy of snow and ice removal. Iowa Code section 668.10(2) provides:

In any action brought pursuant to this chapter, the state or a municipality shall

---

**1.** Coralville has always maintained the street and does not dispute Iowa City's contention it is responsible for the maintenance of it. Part of the street may be located within the city limits of Iowa City.

not be assigned a percentage of fault for any of the following:

. . . .

> The failure to remove natural or unnatural accumulations of snow or ice, or to place sand, salt, or other abrasive material on a highway, road, or street if the state or municipality establishes that it has complied with its policy or level of service for snow and ice removal or placing sand, salt, or other abrasive material on its highways, roads, or streets.

Iowa Code § 668.10(2) (1991).

This section restricts the theories of liability that may be asserted against a municipality. *See Phillips v. City of Waukee*, 467 N.W.2d 218, 219 (Iowa 1991). There are times when there may be liability despite the general provision of section 668.10. *See Saunders v. Dallas County*, 420 N.W.2d 468, 472 (Iowa 1988); *Hershberger v. Buena Vista County*, 391 N.W.2d 217, 220 (Iowa 1986).

Part of Coralville's policy is the city should apply sufficient sand and salt to curves so they "can be safely negotiated." Defendants-appellants contend there is no evidence this part of the policy was followed. The trial court found, if this language established liability, it would eviscerate the statutory immunity allowed municipalities. We agree with the trial court on this issue. The provision "can be safely negotiated" is a goal, not a standard of care. There is no evidence showing the sanding and ice removal procedures promulgated by the *City of Coralville* were not followed.

The trial court is affirmed.

**AFFIRMED.**